# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 98-3318

_____

United States of America,

        Appellee,

    v.

Kenny Hawkins,

        Appellant.

        Appeal from the United States
District Court for the
Eastern District of Missouri.

_____

Submitted: March 9, 1999
Filed: June 28, 1999

_____

Before RICHARD S. ARNOLD and HANSEN, Circuit Judges, and STROM,[1] District
Judge.

_____

HANSEN, Circuit Judge.

On July 9, 1997, Kenny Hawkins, Tommy Berry, Antwon Bell, and a juvenile
burglarized Sharp's Gun Store in Gray Summit, Missouri. A grand jury indicted
Hawkins on charges of stealing approximately 28 firearms from a federally licensed
firearms dealer, in violation of 18 U.S.C. §§ 924(m) and 2 (1994 & Supp. II 1996).

_____

[1] The Honorable Lyle E. Strom, United States District Judge for the District of
Nebraska, sitting by designation.

Hawkins pleaded guilty and the district court[2] sentenced him to 57 months of imprisonment followed by three years of supervised release. In addition, the district court ordered Hawkins to pay restitution. In relevant part, the district court determined Hawkins' sentence by first calculating his base offense level under U.S. Sentencing Guidelines Manual § 2K2.1(a)(6) (1997) because he is a person prohibited from possessing a firearm due to a prior felony conviction. The district court added two offense levels for the specific offense characteristic under subsection (b)(4) that the firearms were stolen.

Hawkins' only argument on appeal is that the district court impermissibly double counted when it enhanced his offense level pursuant to subsection (b)(4). Hawkins does not dispute that section 2K2.1 is the appropriate guideline for determining his sentence. According to Hawkins, however, because the guns were not stolen prior to his acquisition of them in the burglary, a two-level enhancement under subsection (b)(4) is inappropriate. Hawkins' appeal presents a question of first impression in our circuit, and we affirm.

"Double counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." United States v. Hipenbecker, 115 F.3d 581, 583 (8th Cir. 1997) (internal quotations omitted). We review de novo the question of whether impermissible double counting occurred in this case. See id.

Hawkins' argument ignores the official commentary to USSG § 2K2.1. Application Note 12 of the 1997 version of the Guidelines Manual provides, in relevant part:

---

[2] The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

> If the only offense to which § 2K2.1 applies is 18 U.S.C. § 922(i), (j), or (u), 18 U.S.C. § 924(j) or (k), or 26 U.S.C. § 5861(g) or (h) (offenses involving a stolen firearm or stolen ammunition) and the base offense level is determined under subsection (a)(7), do not apply the adjustment in subsection (b)(4) unless the offense involved a firearm with an altered or obliterated serial number. This is because the base offense level takes into account that the firearm or ammunition was stolen.

USSG § 2K2.1, comment. (n.12). "Application Note 12 . . . explicitly, carefully and thoroughly provides that in certain cases of convictions involving stolen or altered firearms a defendant shall be spared from enhancement under § 2K2.1(b)(4) when his base offense is determined under § 2K2.1(a)(7)." United States v. Luna, 165 F.3d 316, 326 (5th Cir. 1999) (Dennis, J., concurring), cert. denied, -- S. Ct. --, 1999 WL 231591(U.S. May 17, 1999) (No. 98-8898). By necessary implication, therefore, "two levels must be added if any firearm was stolen or had an altered serial number, unless the base level is determined under subsection (a)(7)." Id. Thus we agree with those circuits concluding that a sentencing court may apply a two-level increase pursuant to USSG § 2K2.1(b)(4) if the offense of conviction is not one of the offenses enumerated in Note 12, or the base offense level is not calculated under § 2K2.1(a)(7). See United States v. Brown, 169 F.3d 89, 93 (1st Cir. 1999); United States v. Turnipseed, 159 F.3d 383, 386 (9th Cir. 1998); United States v. Armstead, 114 F.3d 504, 509 (5th Cir.), cert. denied, 118 S. Ct. 315 (1997); see also Luna, 165 F.3d at 326-27 (Dennis, J., concurring). But see United States v. Rowlett, 23 F.3d 300, 304-05 (10th Cir. 1994) (concluding that the wording of subsection (b)(4) and Application Note 12 "leave no doubt that the Guideline term 'stolen' refers to the preexisting condition of the relevant firearms and ammunition involved in a crime"). Additionally, because Application Note 12 does not violate the Constitution or a federal statute, nor does it reflect a plainly erroneous reading of USSG § 2K2.1, it is binding upon this court. See Stinson v. United States, 508 U.S. 36, 38 (1993) (holding that "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading

of, that guideline"); United States v. Triplett, 104 F.3d 1074, 1081-82 (8th Cir.) (same), cert. denied, 520 U.S. 1236 (1997), and cert. denied, 520 U.S. 1270 (1997).

Having concluded that Application Note 12 guides our inquiry, resolution of this appeal is greatly simplified. Hawkins pleaded guilty to a violation of 18 U.S.C. § 924(m), which is not one of the offenses enumerated in Application Note 12. Moreover, the district court set Hawkins' base offense level pursuant to subsection (a)(6) (because he is a prohibited person), not subsection (a)(7). We conclude, therefore, that the district court did not impermissibly double count in applying a two-level enhancement pursuant to subsection (b)(4) because the firearms were stolen.

We are also persuaded that the structure of section 2K2.1 is such that applying a two-level enhancement because the firearms were stolen does not amount to double counting in this case. Section 2K2.1 is a general guideline that applies to a wide variety of firearms violations. See Brown, 169 F.3d at 93. "It is not necessary that the firearms involved were stolen for the defendant to be sentenced under § 2K2.1." Id. In this case, it is undisputed that section 2K2.1 is the proper guideline for determining Hawkins' sentence. It is also undisputed that Hawkins' base offense level is 14 because he is a "prohibited person" within the meaning of USSG § 2K2.1(a)(6). Furthermore, the district court concluded, and Hawkins agreed, that this base offense level does not take into account the fact that Hawkins stole the firearms. (See Appellee's Add. at 16-17.) Rather, subsection (a)(6) reflects the minimum base offense level for all prohibited persons sentenced pursuant to section 2K2.1. Because "the stolen nature of the firearm[s] was not considered in calculating [Hawkins'] base offense level, . . . subsequently considering the stolen nature of the firearm[s] in applying subsection (b)(4) was not 'double-counting.'" Brown, 169 F.3d at 93. Cf. Hipenbecker, 115 F.3d at 583 (noting that there is no impermissible double counting "if (1) the Commission intended the result and (2) each statutory section concerns conceptually separate notions relating to sentencing").

We conclude that the district court did not impermissibly double count in applying a two-level increase to Hawkins' sentence because the firearms were stolen. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT