# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2103

_____

United States of America,    \*
             \*
    Appellee,     \*
             \*  Appeal from the United States
 v.          \*  District Court for the
             \*  District of Minnesota.
James W. Reed,      \*   [UNPUBLISHED]
             \*
    Appellant.    \*

_____

Submitted: June 21, 2000
Filed: June 29, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
  Judges.

_____

PER CURIAM.

After James Reed pleaded guilty to bank fraud, in violation of 18 U.S.C. § 1344, the district court[1] sentenced him to forty-six months imprisonment and five years supervised release. On appeal, Reed's counsel has filed a brief and moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967); with this court's permission, Reed has filed a pro se supplemental brief. For the reasons discussed below, we affirm.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

We reject counsel's argument that Reed's sentence is excessive. Counsel contends that the district court considered the amount of loss in selecting a sentence at the top of the Guidelines imprisonment range, although the loss amount had already been taken into account in calculating Reed's offense level. The perceived harshness of the sentence does not present a reviewable issue, however, see 18 U.S.C. § 3742(a), nor does the court's stated reason for imposing a sentence at the top of the Guidelines range support a double-counting argument, see United States v. Hawkins, 181 F.3d 911, 912 (8th Cir.), cert. denied, 120 S. Ct. 436 (1999). We also reject counsel's argument that, contrary to the plea agreement in this case, the government failed to recommend a sentence "at the bottom of the applicable guideline range" at the supervised release revocation hearing in a separate case. This issue is beyond the scope of the instant appeal and should instead be raised in an appeal from the judgment in that case.

For this reason, we also reject Reed's pro se argument regarding the alleged plea-agreement breach and his challenge to the revocation sentence in that separate case. Reed's attack on the district court's calculation of his criminal history score is foreclosed by the plea agreement, see United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995), his claim of ineffective assistance of counsel is better deferred to 28 U.S.C. § 2255 proceedings, see United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995), and his challenge to the compensation limits for appointed counsel is meritless, see United States v. Jones, 801 F.2d 304, 315 (8th Cir. 1986). Although Reed contends that the court erroneously applied the 1998 Sentencing Guidelines Manual because his offense conduct ended on October 24, 1997, we conclude that the calculations would be the same under the version in effect on that date.

Finally, we reject Reed's argument that the district court failed to consider the factors required by 18 U.S.C. § 3583(e) when choosing the length of his supervised release term. The court was required neither to make specific findings relating to each of the factors, see United States v. Graves, 914 F.2d 159, 160 (8th Cir. 1990) (per

curiam), nor to state on the record that it had considered the factors or explain its reasons for the sentence imposed, see United States v. Caves, 73 F.3d 823, 825 (8th Cir. 1996) (per curiam). Having carefully reviewed the record, we are satisfied that the relevant factors were brought to the court's attention, and we find nothing to indicate that the court failed to consider them.

After review of counsel's Anders brief and Reed's pro se supplemental brief, along with our independent review of the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.