# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1548

_____

United States of America,              *
                                 *

          Appellee,          *

                                 *   Appeal from the United States

      v.                    *   District Court for the Southern

                                 *   District of Iowa.

Jose Angel Chavarria-Cabrera,  *

                                 *

          Appellant.        *

_____

Submitted: September 11, 2001

Filed: December 6, 2001

_____

Before McMILLIAN, BEAM, and HANSEN, Circuit Judges.

_____

BEAM, Circuit Judge.

      This case comes before us on appeal from the district court's[1] application of a four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(5), for appellant's use or possession of a firearm in connection with another felony offense.  We affirm.

_____

    [1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

## I.  BACKGROUND

On August 10, 1999, appellant Jose Angel Chavarria-Cabrera was drinking beer at a house with his friends Mauricio Izquierdo, Santos Garcia-Perez, and Jorge Villalobos.  At some point Chavarria-Cabrera pulled a gun out of his belt and fired two shots into the ceiling.  The other three men calmed appellant down, and shortly thereafter the appellant and Villalobos went into one of the bedrooms and shut the door.  Izquierdo and Garcia-Perez testified in state court that they then heard a gunshot, and Villalobos emerged from the bedroom, bleeding profusely from his chest.  Appellant followed Villalobos out of the bedroom with the gun still in his hand.  He then threatened Izquierdo and Garcia-Perez, who left the house and called the police.  Villalobos died, and appellant was charged with first-degree murder, though a jury found him guilty of involuntary manslaughter.

Following state court proceedings, appellant pled guilty to illegal reentry of a deported alien, pursuant to 8 U.S.C. § 1326(a) and (b)(2); and illegal alien and felon in possession of a firearm, pursuant to 18 U.S.C. § 922(g)(1) and (5).  The district court sentenced appellant to a total of 113 months' imprisonment, followed by three years supervised release, and a $200.00 special assessment.  As part of this sentence, the district court applied the four-level enhancement under U.S.S.G. § 2K2.1(b)(5) for using or possessing a firearm in connection with another felony offense.

Appellant contends that the district court erred in applying the four-level enhancement for two reasons.  First, appellant argues that a state law offense which occurred contemporaneously with the § 922(g) violation does not constitute "another offense" as that phrase is used in § 2K2.1(b)(5).  Second, appellant argues that the contemporaneous use of a firearm in an unintentional killing does not satisfy the "in connection with" requirement for the enhancement.  We think these arguments miss the mark.

## II. DISCUSSION

We review a district court's legal conclusion concerning the application of a sentencing enhancement de novo. United States v. Otto, 64 F.3d 367, 370 (8th Cir. 1995). We review a district court's factual findings concerning the purpose underlying the possession of a firearm for clear error. United States v. Regans, 125 F.3d 685, 686 (8th Cir. 1997).

Section 2K2.1(b)(5) provides for a four-level sentencing enhancement "if the defendant used or possessed any firearm or ammunition in connection with another felony offense." Appellant argues that his possession of the firearm occurred simultaneously with the shooting of Villalobos, and as a result the shooting cannot constitute "another felony offense," because there was no separation in time or place, or distinction of conduct between the shooting and the possession of the gun. See United States v. Sanders, 162 F.3d 396, 400 (6th Cir. 1998) (determining that § 2K2.1(b)(5) requires a finding of a separation of time between the offense of conviction and the other felony offense, or a distinction of conduct between that occurring in the offense of conviction and the other felony offense); accord United States v. Szakacs, 212 F.3d 344, 348-49 (7th Cir. 2000). But see United States v. Armstead, 114 F.3d 504, 513 (5th Cir. 1997) (rejecting the separation of time or distinction of conduct test for the § 2K2.1(b)(5) enhancement).

While appellant correctly identifies a circuit split regarding the definition of "another felony offense," it is a split that we need not weigh in on in this case. The circuit split cited above consists of a narrow dispute concerning the proper application of § 2K2.1(b)(5) when the "other felony offense" consists of a weapons charge, but could also be characterized as a non-firearm offense. Application Note 18 to § 2K2.1(b)(5) states, "'another felony offense' and 'another offense' refer to offenses other than explosive or firearms possession or trafficking offenses." For instance, in Szakacs, the defendants were convicted of conspiracy to steal firearms

from a licensed dealer. <u>Szakacs</u> reasoned that Application Note 18 to § 2K2.1(b)(5) directs a court to refrain from enhancing that type of federal weapons charge. The government argued that the conduct that supported the conspiracy to steal firearms charge also supported a state law charge of conspiracy to commit burglary. <u>Szakacs</u>, 212 F.3d at 349. The government asserted that characterizing the other felony as a state law burglary crime took it out of the purview of Application Note 18, because burglary is not a "firearms possession or trafficking offense." <u>Id.</u> at 348-49. <u>Szakacs</u> rejected the government's attempt to utilize a state crime characterization as the "other felony offense," because there was no separation of time or distinction of conduct between the federal charge of conspiracy to steal firearms and the state charge of conspiracy to commit burglary. <u>Id.</u> at 351. <u>Szakacs</u> and <u>Sanders</u> both noted the potential for double counting on the sentence if district courts could use § 2K2.1(b)(5) to enhance a weapons charge when the other felony offense was presented as a state crime, rather than as a federal firearm possession or trafficking offense. <u>Id.</u>; <u>Sanders</u>, 162 F.3d at 400. Appellant urges us to side with these two cases and reverse the district court's enhancement.

It is not necessary for us to endorse or reject the <u>Sanders-Szakacs</u> line of reasoning in this case. Here, the other felony offense at issue is not merely another weapons charge, recast as a state law crime, but is instead a conviction for involuntary manslaughter. The involuntary manslaughter conviction consists of conduct that is wholly distinct from a weapons possession or trafficking offense, so there is no risk of double counting, and the involuntary manslaughter charge is not being used here to circumvent Application Note 18. In fact, the <u>Szakacs</u> court recognized that on facts similar to the ones at issue in this case, the <u>Sanders</u> reasoning would not foreclose an enhancement:

> The Sixth Circuit did not close the door on all enhancements based on purported state law crimes, only crimes that truly constituted double counting. The court held that state law crimes that occur

-4-

contemporaneously to federal weapons crimes could support enhancements under § 2K2.1(b)(5) if there was "a finding of a separation of time between the offense of conviction and the other felony offense, or a distinction of conduct between that occurring in the offense of conviction and the other felony offense." Sanders, 162 F.3d at 400. Thus, a defendant who steals a firearm and then engages in a shootout with police, robs the liquor store down the street or files the serial number off the firearm, could receive an enhancement for "another felony" because the conduct violates either a state or federal law.

Szakacs, 212 F.3d at 351. When appellant shot Villalobos, his conduct was analytically distinct from simple possession or trafficking of a firearm.

In sum, there is no question that involuntary manslaughter is "another felony offense" and the district court properly applied the enhancement.

Appellant also argues that he did not use or possess a firearm "in connection with" another felony offense, because when he killed Villalobos it was done unintentionally and the "in connection with" provision requires proof that possession of the firearm facilitated the commission of the other offense and dangerously emboldened the offender. See Regans, 125 F.3d at 687.

While appellant cites the correct case, nothing in Regans supports the insertion of a mens rea requirement for the other felony offense as a prerequisite for a § 2K2.1(b)(5) enhancement. Regans held that an enhancement is appropriate when the weapon can facilitate the other offense. Regans, 125 F.3d at 687. Here, the weapon not only facilitated the other offense of involuntary manslaughter, the firearm was the only thing that enabled the reckless felony to occur. The other offense could not have been committed without the appellant's possession, and use, of the firearm. The firearm did more than facilitate the other offense, it was the cause of the other

offense. It is difficult to think of a more obvious instance of "in connection with" then the facts presented here.

## III.  CONCLUSION

For the reasons stated, we affirm the district court's sentence, including its application of the § 2K2.1(b)(5) enhancement.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.