# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3365

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　　Appellee,　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Northern District of Iowa.
Joseph Michael Scolaro,　　　　　　*
also known as, Joseph Michael Pena,　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　　Appellant.　　　　*

_____

Submitted: May 15, 2002

Filed: August 15, 2002

_____

Before MURPHY, HEANEY and BRIGHT, Circuit Judges.

_____

HEANEY, Circuit Judge.

Joseph Michael Scolaro was convicted of possession of stolen firearms in violation of 18 U.S.C. § 922(j) and was sentenced to seventy-eight months in prison. Scolaro appeals the district court's application of a four-level enhancement to his sentence. Because the evidence shows that Scolaro possessed the stolen firearms in connection with the felony offense of aggravated assault with intent to inflict serious bodily injury, Iowa Code § 708.2(1) and (4) (1993), we affirm.

On January 6, 2001, Joseph Michael Scolaro attended a party at Erik Hennlich's home. Hennlich unlocked and opened a gun cabinet in his house and allowed the party-goers to take out the guns and admire them. Once the guns were returned to the cabinet, Hennlich noticed that a .380 caliber handgun was missing. Brandon Deverell, a friend of Scolaro's, had taken the gun and left the house. Hennlich and Scolaro argued about the missing gun. Scolaro subsequently beat Hennlich, tied him up, repeatedly threatened to kill him, and placed him in a closet. Scolaro then broke into the gun cabinet and, with the assistance of others, stole at least thirteen firearms, which he eventually distributed among his acquaintances.

On July 23, 2001, Scolaro pled guilty to a one-count indictment charging possession of stolen firearms in violation of 18 U.S.C. § 922(j) and § 924(a)(2). The sentencing court determined that Scolaro had eight criminal history points, a criminal history category of IV, and an adjusted offense level of 23. In reaching that offense level, the court applied a U.S.S.G. § 2K2.1(b)(5) enhancement because Scolaro committed an assault in connection with his possession of stolen weapons.

We review the district court's legal conclusion concerning the application of the sentencing enhancement in U.S.S.G. § 2K2.1(b)(5) de novo and its factual findings for clear error. United States v. Chavarria-Cabrera, 272 F.3d 1049, 1050 (8th Cir. 2001). U.S.S.G. § 2K2.1(b)(5) states, "[i]f the defendant used or possessed . . . or transferred any firearm . . . with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels." U.S.S.G. § 1B1.3(a)(1)(A)-(B) provides that a defendant's relevant conduct, inclusive of the base offense level, specific offense characteristics, cross references, and adjustments shall be determined on the basis of:

> all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for

that offense, or in the course of attempting to avoid detection or responsibility for that offense . . . . [Emphasis added.]

Scolaro argues that the enhancement should not apply because he did not use a weapon to commit the assault. The plain meaning of this section, however, contemplates conduct taken prior to, and in order to facilitate, the charged offense. Furthermore, the Guidelines provide that the enhancement is applicable where the weapon is used or possessed in connection with another felony offense, not in the commission of the felony.

To summarize, the § 2K2.1(b)(5) adjustment is warranted in this case if Scolaro used or possessed any firearm in connection with another felony offense. Scolaro possessed at least thirteen stolen firearms in connection with the assault. In applying the enhancement, the district court explained,

> I find there is another felony in this case and that's the assault . . . . [Scolaro's conduct] would [constitute] . . . an aggravated assault which was done with the intent to inflict serious bodily injury . . . . I believe that there is a separate felony here . . . aside from the actual theft of the guns themselves.

Transcript of Sentencing at 55. Scolaro's possession of stolen firearms was made possible by the assault. We therefore hold that the felonies were sufficiently connected to mandate the application of (b)(5).

Concluding that the sentencing court interpreted the Sentencing Guidelines appropriately, we affirm the district court's application of the 4-level adjustment to Scolaro's sentence.

BRIGHT, Circuit Judge, dissenting.

I respectfully dissent.

The district court enhanced Scolaro's sentence by four levels pursuant to U.S.S.G. § 2K2.1(b)(5), based on its determination that Scolaro possessed a firearm in connection with another felony offense. The district court determined that there were two felony offenses to support the enhancement: Scolaro's aggravated assault on Hennlich and Scolaro's theft of the firearms. The majority affirms the district court on the ground that Scolaro possessed stolen weapons in connection with his assault on Hennlich. In affirming the district court, the majority unfortunately expands the scope of the § 2K2.1(b)(5) enhancement in a manner inconsistent with our prior construction of that provision. I conclude that neither the assault nor the theft of firearms supports enhancing Scolaro's sentence under § 2K2.1(b)(5). I would reverse the district court and remand with instructions to reduce the sentence by four levels.

## I.  Enhancement for Assault

The majority reasons as follows. Under U.S.S.G. § 1B1.3(a)(1) a defendant's relevant conduct includes acts committed by the defendant "in preparation for" the offense of conviction. Thus, according to the majority, "the plain meaning of [§ 1B1.3(a)(1)] contemplates conduct taken prior to, and in order to facilitate, the charged offense." The majority concludes that Scolaro "possessed at least thirteen stolen firearms in connection with" his assault on Hennlich.[1]

---

[1]The majority's reference to thirteen firearms and reliance on "conduct taken prior to . . . the charged offense," indicates that they are referring to the firearms Scolaro took from the gun cabinet after completing his assault on Hennlich rather than the single .380 handgun Deverell removed from the house prior to the assault.

-4-

The majority's construction of U.S.S.G. § 2K2.1(b)(5) is inconsistent with precedent case law in this circuit. In United States v. Regans, 125 F.3d 685 (8th Cir. 1997), we followed other circuits in their determination that the meaning of the phrase "in connection with" as used in U.S.S.G. § 2K2.1(b)(5) is equivalent to the phrase "in relation to" as used in 18 U.S.C. § 924(c)(1) and as construed by the Supreme Court in Smith v. United States, 508 U.S. 223 (1993). See Regans, 125 F.3d at 686 (citing United States v. Spurgeon, 117 F.3d 641-643-44 (2d Cir. 1997)). Under Smith, "'in relation to' . . . at a minimum, clarifies that the firearm must have some purpose or effect with respect to the . . . crime; its presence or involvement cannot be the result of accident or coincidence. . . . Instead, *the gun at least must 'facilitate or have the potential of facilitating'*" the crime. Smith v. United States, 508 U.S. 223, 238 (1993) (emphasis added) (quoted in Regans, 125 F.3d at 686).

The majority's application of § 2K2.1(b)(5) to the facts of this case is foreclosed by Regans. By affirming the sentence enhancement on the ground that the assault facilitated Scolaro's possession of firearms, rather than the other way around, the majority inverts the relationship between firearm possession and "another offense" as expressed in Regans.

The only way the majority's construction of § 2K2.1(b)(5) can conform with Regans is if Scolaro's assault on Hennlich was somehow facilitated by his later gun possession. However, such a reading is clearly wrong. Regans requires that "the gun at least must facilitate or have the potential of facilitating" another felony offense. "Facilitate" (let alone "the potential of facilitating") refers to the present or future, not the past.[2] Thus, under Regans, there can be no enhancement under § 2K2.1(b)(5) for

---

[2]Facilitate means: "To make easier or less difficult: free from difficulty or impediment ⟨facilitate the execution of a task⟩" or "to lessen the labor of." Webster's Third New International Dictionary, 812 (1971). Once past, events cannot be made easier or less laborious, or freed from impediment.

an offense the defendant completed before possessing the firearm.[3]  Scolaro's later possession of firearms taken from the gun cabinet did not and could not facilitate his assault on Hennlich.  Under Smith and Regans, Scolaro did not possess the firearms in connection with his assault on Hennlich.

In addition, construing § 2K2.1(b)(5) to mean that a defendant can possess a firearm in connection with another felony offense that he completed prior to possessing the firearm does not comport with our previous explanation that the § 2K2.1(b)(5) sentence enhancement takes into account the increased risk of violence whenever guns are possessed by persons committing felonies.  See, e.g., Regans, 125 F.3d at 686; United States v. Martinez, 258 F.3d 760, 762 (8th Cir. 2001).  A firearm possessed in order to facilitate a felony increases the risk of violence during the commission of that felony.  However, a felony completed in order to facilitate possession of a firearm is no more dangerous than that same offense completed to facilitate possession of diamonds or stereos or fishing tackle.  The risk of violence is not increased by the mere fact that, after the felony is completed, the offender goes on to possess a firearm.[4]

---

[3]Neither the majority nor the government cite to a case in which a circuit court has affirmed an enhancement under U.S.S.G. § 2K2.1(b)(5) on the basis that an offender possessed firearms in connection with another offense that the defendant completed before possessing the firearms.  Nor have I found such a case.

[4]Consider the difference in the potential for serious violence between the following situations:  (1) a criminal, carrying a hidden handgun, attempts to steal a wallet; (2) a criminal, carrying no firearm, steals a wallet and then uses the money to purchase a stolen firearm.  In the first situation, firearm possession increases the risk of violence and serious injury.  In the second situation, the later firearm possession is irrelevant to the risk of violence and serious injury occurring during the theft.

Our precedent is inconsistent with the majority's construction of § 2K2.1(b)(5). I conclude that Scolaro's assault of Hennlich does not support a four-level sentence enhancement under § 2K2.1(b)(5).

## II. Enhancement for Stealing Firearms

Having determined that Scolaro did not possess the firearms in connection with an assault that preceded his possession of the firearms, I consider the district court's second basis for applying § 2K2.1(b)(5): that Scolaro possessed the stolen firearms in connection with the theft of those same firearms.[5]

There is a circuit split as to whether the sentence for a firearm possession offense can be enhanced for possession of those firearms "in connection with another felony offense" where the "other" offense is the theft of those same firearms. In United States v. Sanders, 162 F.3d 396 (6th Cir. 1998), a defendant stole firearms and other merchandise from a pawn broker and was arrested driving away from the scene. He pleaded guilty to transporting stolen firearms and being a felon-in-possession of firearms. The Sixth Circuit considered whether the defendant's sentence could be enhanced under § 2K2.1(b)(5). The court concluded that the term "another felony offense" as used in § 2K2.1(b)(5)

> require[s], as a condition precedent to the application of a major four level guideline enhancement, a finding of a separation of time between the offense of conviction and the other felony offense, or a distinction of conduct between that occurring in the offense of conviction and the other felony offense. Otherwise, the word "another" is superfluous.

_____

[5]At the sentencing hearing, the district court stated that it considered "the act of stealing the guns themselves" to be a ground for enhancement under U.S.S.G. § 2K2.1(b)(5). The use of the plural – "the guns" – indicates that the district court was not speaking of the single .380 handgun Deverell removed from Hennlich's house.

Id., at 400. The Fifth Circuit, in United States v. Armstead, 114 F.3d 504 (5th Cir. 1997), reached the opposite conclusion. That court affirmed a § 2K2.1(b)(5) enhancement to the sentences of two defendants convicted of theft of firearms from a licensed firearms dealer (a pawn broker). The court determined that the defendants possessed the firearms in connection with the burglary itself: "While no evidence suggests the [defendants] possessed firearms before they entered the pawn shop, once inside, they possessed firearms and could have used them in furtherance of 'another felony,' the state law crime of burglary." Id., at 513.

The government argues that we have already decided this issue in United States v. Kenney, 283 F.3d 934 (8th Cir. 2002). In Kenney, the defendant, a convicted felon, stole and then pawned four firearms. He pleaded guilty to being a felon-in-possession of a firearm. The district court enhanced the sentence under both § 2K2.1(b)(4) (for possession of a stolen firearm) and § 2K2.1(b)(5) (for possession of a firearm in connection with another felony offense, the burglary through which the defendant possessed the firearms). The defendant appealed, arguing that the district court impermissibly double counted the burglary of the firearms under the two enhancement provisions.

We affirmed. First, we rejected the defendant's "conten[tion] that the burglary of the firearms does not constitute 'another felony offense' for purposes of applying the (b)(5) enhancement because subsection (b)(4) already fully accounts for the fact that the firearms were stolen." Id., at 936. Second, in considering whether the district court had erroneously double counted the same conduct under (b)(4) and (b)(5), we declined to adopt an interpretation of the Guidelines that "classif[ies] the burglary [the basis of the (b)(5) enhancement] and the fact that the firearms were stolen [the basis of the b(4) enhancement] as essentially the same crime." Id. Third, we determined that the Sentencing Commission "intended both subsections (b)(4) and

(b)(5) to be applied to firearms possession offenses involving an additional felony offense other than possession of explosives, possession of firearms, or trafficking."[6]

_____

[6]I have grave misgivings about the reasoning used to reach this conclusion in Kenney. We stated: "In situations where the Commission consciously enumerates exclusions from the Guidelines, we may infer that it intended to disallow any exclusions not mentioned." Kenney, 283 F.3d at 937. We noted that Application Note 18 to § 2K2.1 states that:

> As used in subsection[] (b)(5) . . . "another felony offense" . . . refer[s] to offenses other than explosives or firearms possession or trafficking offenses. However, where the defendant used or possessed a firearm or explosive to facilitate another firearms or explosives offense (e.g., the defendant used or possessed a firearm to protect the delivery of an unlawful shipment of explosives), an upward departure under § 5K2.6 (Weapons and Dangerous Instrumentalities) may be warranted.

We then concluded: "because [the defendant's] burglary offense is not specifically excluded from consideration, it constitutes 'another felony offense' in addition to the firearms possession offense." Id. at 938.

I believe the application of the "conscious enumeration" principle to Application Note 18 is incorrect. We have previously applied that principle to Application Note 12 to § 2K2.1. The two cases we cited in Kenney both state that Note 12 contains such an enumeration of exclusions. But compare the detail expressed in Note 12 with Note 18 given above. Application Note 12 states:

> If the only offense to which § 2K2.1 applies is 18 U.S.C. § 922(i), (j), or (u), or 18 U.S.C. § 924 (l) or (m) (offenses involving a stolen firearm or stolen ammunition) and the base offense level is determined under subsection (a)(7), do not apply the adjustment in subsection (b)(4) unless the offense involved a firearm with an altered or obliterated serial number. This is because the base offense level takes into account that the firearm or ammunition was stolen.

> Similarly, if the offense to which § 2K2.1 applies is 18 U.S.C. § 922(k)

Id., at 938. Fourth, we determined that §§ 2K2.1(b)(4) and 2K2.1(b)(5) were individually applicable to the defendant. Id. Finally, we determined that the enhancement provisions were conceptually separate, allowing both to be applied to the defendant.[7] Thus, the Kenney decision describes the circumstances under which it is lawful to apply both §§ 2K2.1(b)(4)-(5) to a defendant convicted of being a felon-in-possession of a firearm.

<hr />

> or 26 U.S.C. § 5861(g) or (h) (offenses involving an altered or obliterated serial number) and the base offense level is determined under subsection (a)(7), do not apply the adjustment in subsection (b)(4) unless the offense involved a stolen firearm or stolen ammunition. This is because the base offense level takes into account that the firearm had an altered or obliterated serial number.

Application Note 18 contains nowhere near the detail expressed in Note 12. Whereas Note 18 simply describes "offenses other than explosives or firearms possession or trafficking offenses," Note 12 specifically lists the code sections and then parenthetically categorizes them. See United States v. Hawkins, 181 F.3d 911, 912 (8th Cir. 1999) (noting that "[a]pplication Note 12 . . . explicitly, carefully and thoroughly provides that in certain cases . . . a defendant shall be spared from enhancement under § 2K2.1(b)(4) when his base offense is determined under § 2K2.1(a)(7)" (quoting United States v. Luna, 165 F.3d 316, 326 (5th Cir. 1999) (Dennis, J., concurring)). Note 18 does not "explicitly, carefully and thoroughly" pinpoint when § 2K2.1(b)(5) is to be applied; Kenney overreaches when it applies the "conscious enumeration" principle to Note 18.

[7]"Subsection (b)(4) deals with the stolen nature of the firearms themselves, regardless of the possessor's knowledge of or participation in obtaining the stolen weapons. In contrast, subsection (b)(5) addresses the conduct surrounding the possession of the firearms, specifically concerning the use or possession of the firearms in connection with other prohibited conduct. We are persuaded of the conceptual differences between the two subsections: while (b)(4) punishes for mere possession, (b)(5) punishes for the participation in another felony offense." Kenney, 283 F.3d at 938.

I would distinguish <u>Kenney</u>. <u>Kenney</u> accepts the argument that a firearm possession offense can be enhanced separately under § 2K2.1(b)(5) for burglary and under § 2K2.1(b)(4) for the fact that firearms were stolen so long as each of those enhancements is separately applicable. The instant case, however, does not turn on the circumstances under which two enhancements may be applied for different aspects of the *same* criminal act. Rather, it hinges on the relationship between two different offenses. Section 2K2.1(b)(5) requires that there be "another felony offense" in addition to the offense of conviction. That is the key difference between this case and <u>Kenney</u>: the guidelines stipulate the relationship between the offense of conviction and grounds for enhancement under § 2K2.1(b)(5) (there must be "another felony offense"), but make no equivalent statement with respect to separate enhancements under §§ 2K2.1(b)(4)-(5). <u>Kenney</u>'s description of the circumstances under which it is lawful to apply both §§ 2K2.1(b)(4)-(5) to a defendant convicted of a possession offense is inapposite to our task here, which is to decide whether Scolaro's theft of firearms is "another felony offense" distinct from his offense of conviction (knowing possession of a stolen firearm).

The only part of <u>Kenney</u> that is applicable to this case, then, is the conclusion that Kenney's sentence for being a felon-in-possession of a firearm could be enhanced under § 2K2.1(b)(5) for burglary of that firearm. Scolaro's situation is distinguishable on the facts. In <u>Kenney</u>, the offense of conviction (felon-in-possession of a firearm) and ground for enhancement (burglary) are mutually independent: neither felon-in-possession nor burglary of firearms necessarily includes the other and not all elements of both offenses occurred simultaneously. For Scolaro, in contrast, all elements of his offense of conviction, knowing possession of a stolen firearm, are contained in, and occurred simultaneously with, the theft of the firearms themselves. The theft is not "another felony offense," it is the same felony offense.

-11-

Under these circumstances, I conclude that the theft of the firearms from the gun cabinet cannot be used to enhance Scolaro's firearm possession sentence under § 2K2.1(b)(5). Because I conclude that neither of the district court's stated grounds for enhancement under § 2K2.1(b)(5) is sufficient, I would reverse the district court on this sentencing issue and remand with instructions to decrease Scolaro's sentence by four levels.

For the foregoing reasons I dissent from the majority opinion. I would reverse the district court's application of § 2K2.1(b)(5) to enhance Scolaro's sentence by four levels.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.