# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2097

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of South Dakota. |
| | * | |
| Bernard Ray Young, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 5, 2002

Filed: November 12, 2002

_____

Before WOLLMAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Bernard Ray Young, an Indian, pleaded guilty to raping an Indian woman on the Rosebud Indian Reservation in violation of 18 U.S.C. §§ 1153, 2241(a)(1), and 2246(2) (2000). When a woman Young knew walked past, Young called after her and began walking with her down the road. Young then forcibly pulled the woman into a friend's empty house, held her down, and raped her. Young was arrested, charged with sexual assault, and jailed on the same day. A few hours later, the jailor asked Young to change into jail clothes and place his clothes in a bag. When the jailor returned from assisting with a disturbance, Young's undershorts were in a

bucket containing bleach and water.  At sentencing, the district court[*] applied a four-level enhancement because Young abducted the victim, and a two-level enhancement for obstruction of justice because Young placed his undershorts in the bleach solution.  Young appeals his sentence.  Having reviewed the district court's findings of fact for clear error and application of the U.S. Sentencing Guidelines Manual de novo, we affirm.  United States v. Scolaro, 299 F.3d 956, 957 (8th Cir. 2002).

We reject Young's contention that he did not abduct his victim when he pulled her inside the empty house.  We find no error with the district court's findings that Young forced his victim inside the house, that Young knew the victim was resisting and did not want to go inside, and that moving the victim increased the likelihood that she would be unable to call for help and would be injured.  Like the district court, we conclude Young moved his victim from one location outside the house to another location inside the house.  Moving a victim from one location to another meets the definition of abduction, thus the four-level enhancement under U.S.S.G. § 2A3.1(b)(5) properly applies.  United States v. Kills In Water, 293 F.3d 432, 436-37 (8th Cir. 2002); United States v. Saknikent, 30 F.3d 1012, 1013-14 (8th Cir. 1994).

We also reject Young's contention that he did not willfully obstruct justice by placing his undershorts in the bleach solution, damaging possible evidence of the sexual crime.  Young argues his undershorts accidentally fell into the solution, and due to his extensive use of alcohol and drugs that day, Young did not have the mentality willfully to destroy evidence.  The district court, however, found Young had been at the jail for some time, so the destruction of evidence did not occur at the same time as arrest, Young knew he was arrested for a sexual crime, and Young willfully placed his undershorts in the bleach solution in an attempt to destroy any evidence the undershorts may have contained.  We find no error in these factual

_____

[*]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

findings and agree with the district court that U.S.S.G. § 3C1.1 enhancement for obstruction of justice applies.

We thus affirm Young's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.