# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-2761

_____

United States of America,        *

                                 *

        Appellee,         *

                                 *      Appeal from the United States

    v.                    *      District Court for the

                                 *      Western District of Missouri.

Richard Bell,            *

                                 *      [PUBLISHED]

        Appellant.       *

_____

Submitted:  November 5, 2002
Filed:  November 15, 2002

_____

Before HANSEN, Chief Judge, BEAM and RILEY, Circuit Judges.

_____

PER CURIAM.

After Richard Bell pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), the district court[1] sentenced him to eighty-four months in prison and three years of supervised release. Bell renews on appeal the objection he raised below: that his offense level should not have been enhanced under U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2001) for possessing the

_____

[1] The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

firearm in connection with another felony offense. For the reasons discussed below, we affirm.

The unobjected-to facts in the presentence report show that, when authorities executed a search warrant at Bell's apartment, he was lying on the bed in the bedroom. A loaded revolver was recovered from beneath the mattress he was lying on, and a quantity of slightly more than two grams of cocaine base was found with rolling papers in a pair of shorts on the bedroom floor. Bell does not dispute that his possession of the cocaine base constitutes another felony offense.

We review for clear error the district court's finding as to Bell's purpose in possessing the firearm, see United States v. Chavarria-Cabrera, 272 F.3d 1049, 1050 (8th Cir. 2001), and we conclude that the district court did not clearly err in finding that Bell possessed the revolver in connection with his possession of the cocaine base, see United States v. Martinez, 258 F.3d 760, 761-62 (8th Cir. 2001) (a defendant's simultaneous possession of a firearm and a personal-use quantity of drugs, or the proximity of the firearm to the drugs, supports a § 2K2.1(b)(5) enhancement because the defendant has the potential to use the firearm to protect himself or his drugs).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.