# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3251

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Richard L. Harrington, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 6, 2003
Filed: March 18, 2003

_____

Before HANSEN, Chief Judge, LOKEN and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

PER CURIAM.

Richard Harrington appeals from the final judgment entered in the District
Court[1] for the Western District of Missouri after his guilty plea to one count of
knowingly possessing a stolen firearm in violation of 18 U.S.C. §§ 922(j) and
924(a)(2). The district court sentenced Harrington to 84 months imprisonment and
3 years supervised release. On appeal, Harrington's counsel has moved to withdraw
under Anders v. California, 386 U.S. 738 (1967), raising one issue: the district court

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for
the Western District of Missouri

engaged in double counting by increasing appellant's adjusted offense level under U.S.S.G. § 2K2.1(b)(4) for possessing a stolen firearm. For the reasons discussed below, we affirm the judgment of the district court and grant counsel's motion to withdraw.

Harrington may not challenge the two-level increase, because he specifically stipulated to it in his plea agreement. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (defendant who explicitly and voluntarily exposes himself to specific sentence may not challenge that punishment on appeal). In any event, the increase was proper under applicable commentary, see U.S.S.G. § 2K2.1, comment. (n.12), and thus no impermissible double counting occurred, see United States v. Hawkins, 181 F.3d 911, 912-13 (8th Cir.) (court may impose 2-level increase under § 2K2.1(b)(4) if base offense level is not calculated under § 2K2.1(a)(7)), cert. denied, 528 U.S. 981 (1999).

Having reviewed the record, we find no nonfrivolous issues. See Penson v. Ohio, 488 U.S. 75, 80 (1988). Accordingly, we affirm, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-