# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-3653

———————

United States of America,　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　　* 　Appeal from the United States
　　　　　　　　　　　　　　　　　　　* 　District Court for the Western
　　　v.　　　　　　　　　　　　　　* 　District of Arkansas.
　　　　　　　　　　　　　　　　　　　*
Daniel Morris,　　　　　　　　　　* 　　　　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　　* 

———————

Submitted: June 17, 2003
Filed: June 26, 2003

———————

Before WOLLMAN, FAGG, and HANSEN, Circuit Judges.

———————

PER CURIAM.

Daniel Morris delivered two pounds of marijuana to an undercover officer in exchange for an M-16 fully automatic rifle. Morris later pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. The district court[*] applied a 4-level enhancement under U.S.S.G. § 2K2.1(b)(5), and sentenced Morris to 41 months imprisonment and 3 years supervised release. On appeal, Morris contends the enhancement was inapplicable because the firearm was

———————

[*]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

not used in the commission of another crime but was inherently part of the crime of conviction, and because the other felony offense involved drug trafficking.

A 4-level enhancement applies if the defendant used or possessed a firearm in connection with another felony offense. See U.S.S.G. § 2K2.1(b)(5). "'[A]nother felony offense' . . . refer[s] to offenses other than explosives or firearms possession or trafficking offenses." U.S.S.G. § 2K2.1, comment. (n.18). First, the enhancement is applicable where the other offense involves drug trafficking. See United States v. English, No. 02-3218, 2003 WL 21203335 (8th Cir. May 23, 2003) ("trafficking" refers to explosives and gun trafficking); United States v. Martinez, 258 F.3d 760, 762 (8th Cir. 2001) (applying enhancement where other offense involved drug trafficking). Second, Morris used the firearm when he traded marijuana for it. See United States v. Scolaro, 299 F.3d 956, 957 (8th Cir. 2002) (§ 2K2.1(b)(5) enhancement applies to "conduct taken prior to, and in order to facilitate, the charged offense"), cert. denied, 123 S. Ct. 1774 (2003); United States v. Cannon, 88 F.3d 1495, 1509 (8th Cir. 1996) (trading drugs for gun is "use" of gun). Thus, the district court did not commit error in applying the enhancement. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.