# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3477

_____

United States of America,       *
      *
        Appellee,       *
      *    Appeal from the United States
    v.       *    District Court for the Eastern
      *    District of Missouri.
Kenyo Williams,       *
      *        [UNPUBLISHED]
        Appellant.       *

_____

Submitted:  April 1, 2003

Filed:   October 23, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BYE, and RILEY.

_____

PER CURIAM.

Kenyo Williams challenges the district court's application of a 4-level enhancement for possessing a firearm in connection with another felony. We reverse and remand.

Police officers arrested Mr. Williams after observing him driving a stolen vehicle. The vehicle's steering column was broken. During the search incident to arrest, police found a loaded pistol in Mr. Williams's waistband. Computer checks revealed that the pistol was stolen. Mr. Williams, who had two Missouri convictions

for second-degree burglary, pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

At sentencing, the presentence report recommended a 4-level enhancement under U.S.S.G. § 2K2.1(b)(5), as Mr. Williams had "used or possessed any firearm or ammunition in connection with another felony offense." Mr. Williams objected, denying that he was driving the stolen vehicle, and arguing that the loaded pistol was not used in connection with the stolen-vehicle felony; he contended that possession of the firearm was merely coincidental. The government countered that possessing the firearm emboldened Mr. Williams to tamper with the stolen vehicle.

The district court found that Mr. Williams had tampered with (i.e., driven) a vehicle which he knew was stolen, a Missouri felony, and that he had possessed a firearm while committing that felony. Admitting that it was a "very close case," and that the evidence did not show the firearm actually facilitated the tampering offense, the court found that it was "not clearly improbable" the firearm had the potential to facilitate the tampering. The district court thus overruled Mr. Williams's objection, stating that "[t]he 'not clearly improbable' standard strongly favor[ed] the government, and that standard [was] the basis for the Court's ruling." The court sentenced Mr. Williams to 100 months imprisonment and 2 years supervised release.

In Guidelines cases, we review the district court's findings of fact for clear error and its conclusions of law de novo. See United States v. Mack, No. 02-3491, 2003 WL 22097477, at *5 (8th Cir. Sept. 11, 2003). The sentencing court must apply a 4-level enhancement "[i]f the defendant used or possessed any firearm in connection with another felony offense." See U.S.S.G. § 2K2.1(b)(5). "Felony offense" refers to "any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." U.S.S.G. § 2K2.1, comment. (n.7). Section 2K2.1(b)(5) does not require proof that the firearm was used in the commission of the felony; rather, the

government need prove only that the firearm was used or possessed in connection with the underlying felony. See United States v. Scolaro, 299 F.3d 956, 957 (8th Cir. 2002), cert. denied, 123 S. Ct. 1774 (2003).

Mr. Williams does not dispute that tampering with the stolen vehicle constitutes another felony offense; rather, he argues on appeal that the government did not present any evidence that possessing the firearm emboldened him to take or drive the stolen vehicle, and that the "not clearly improbable" standard should be applied only when the other felony offense involves drugs.

We agree with Mr. Williams that the district court erred in applying the "not clearly improbable" standard from commentary to U.S.S.G. § 2D1.1(b)(1), which increases a defendant's drug-trafficking sentencing range by 2 levels for possessing a dangerous weapon while committing a drug offense. See United States v. Routon, 25 F.3d 815, 819 (9th Cir. 1994) (stating that § 2D1.1(b)(1) is "an inappropriate guide for applying" § 2K2.1(b)(5) because government's burden of proof is more demanding under § 2K2.1(b)(5)); cf. U.S.S.G. § 2D1.1 & comment. (n.3) (enhancement for weapons possession reflects increased risk of violence when drug traffickers possess weapons). On remand, the district court should determine, without reference to the "not clearly probable" standard, whether Mr. Williams used or possessed the handgun "in connection with" his tampering felony offense. See Mack, 2003 WL 22097477, at *6.

Accordingly, we vacate Mr. Williams's sentence and remand for further proceedings on the section 2K2.1(b)(5) enhancement, consistent with this opinion.

_____