# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2888

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　v.　　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　*　Eastern District of Missouri.
Michael L. Arnold,　　　　　　　　　*　　　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellant.　　　　　　　　*

_____

Submitted:　May 5, 2005
　　　Filed:　May 10, 2005

_____

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

　　　Michael L. Arnold appeals the sentence that the district court[1] imposed after he pleaded guilty to knowingly possessing a stolen firearm, in violation of 18 U.S.C. § 922(j). The sentence calculations included, in relevant part, a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2); a 2-level enhancement under U.S.S.G. § 2K2.1(b)(4) for possession of a stolen firearm; and a Category VI criminal history based on 14 criminal history points. The district court sentenced Arnold to 92 months

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

in prison (the bottom of the relevant Sentencing Guidelines imprisonment range) and 3 years supervised release.

On appeal, Arnold reiterates objections he made below that the district court (1) erred in imposing the section 2K2.1(b)(4) enhancement because it resulted in double counting, and (2) erred in calculating his criminal history by separately counting prior sentences that were ordered to run concurrently with one another. He argues for the first time that the district court's calculation of the base offense level and imposition of the section 2K2.1(b)(4) enhancement violated Blakely v. Washington, 124 S. Ct. 2531 (2004).

Arnold's arguments fail for the following reasons. First, a 2-level enhancement under section 2K2.1(b)(4) did not constitute double counting because Arnold's base offense level was calculated under section 2K2.1(a)(2), not section 2K2.1(a)(7). See United States v. Hawkins, 181 F.3d 911, 912 (8th Cir.), cert. denied, 528 U.S. 981 (1999). Second, the district court did not err in calculating Arnold's criminal history because the offenses at issue occurred on different occasions and were adjudicated in different Missouri counties, there is no indication they were part of a common scheme or plan, and there was no order consolidating these cases for trial or sentencing. See U.S.S.G. § 4A1.2(a)(2) & comment. (n.3). Finally, Arnold's Blakely arguments fail because he stipulated to a base offense level of 24 in his plea agreement, see United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995); and he admitted that he knew the firearm was stolen--the single fact underlying the section 2K2.1(b)(4) enhancement, see United States v. Booker, 125 S. Ct. 738, 756 (2005).

Accordingly, the judgment is affirmed.

_____