# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1447

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Missouri. |
| Frank Waters, Jr., | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: December 8, 2008
Filed: January 13, 2009

_____

Before MELLOY and BENTON, Circuit Judges, and DOTY,[1] District Judge.

_____

PER CURIAM.

Frank Waters, Jr., pled guilty to one count of Possession of a Stolen Firearm, 18 U.S.C. § 922(j). The district court[2] sentenced him to 112 months and eight days imprisonment. Waters appeals, claiming sentencing error. Jurisdiction being proper under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court affirms.

_____

[1] The Honorable David S. Doty, United States Senior District Judge for the District of Minnesota.

[2] The Honorable Stephen N. Limbaugh, Sr., United States District Judge for the Eastern District of Missouri, now retired.

Waters burglarized a home, stealing numerous firearms. The presentence investigation report determined that his total offense level was 29 based upon: 1) a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2); 2) a two-level increase for the number of firearms; 3) a two-level increase for possessing stolen firearms; 4) a four-level increase for firearm possession in connection with another felony – burglary; and 5) a three-level deduction for acceptance of responsibility. Waters's guideline range was 140 to 175 months, but under U.S.SG. § 5G1.1(c)(1), his range became 120 months due to the statutory maximum. *See* 18 U.S.C. § 924(a)(2) (maximum sentence under 18 U.S.C. § 922(j) is 10 years). Waters was sentenced to 112 months and eight days imprisonment, after credit for nearly eight months of time served on a state conviction for the same conduct.

Waters argues that his sentence was unreasonable because the court's two-level increase under U.S.S.G. § 2K2.1(b)(4) for possessing stolen firearms is already incorporated in the base offense level for violating § 922(j). This court reviews de novo the district court's construction and application of the Sentencing Guidelines, and reviews for clear error any factual findings regarding enhancements. *United States v. Wintermute*, 443 F.3d 993, 1004 (8th Cir. 2006). This court reviews sentencing decisions for an abuse of discretion. *See United States v. Garcia*, 512 F.3d 1004, 1006 (8th Cir. 2008), *citing Gall v. United States*, 128 S.Ct. 586, 597 (2007). A sentence within the guidelines range is presumptively reasonable on appeal. *Id.*, *citing Rita v. United States*, 127 S.Ct. 2456, 2462 (2007).

Waters does not dispute that U.S.S.G. § 2K2.1(b)(4) was properly applied. An enhancement under § 2K2.1(b)(4) does not impermissibly "double count" by applying a two-level increase to a defendant's sentence because the firearms were stolen. *See United States v. Hawkins*, 181 F.3d 911, 912 (8th Cir. 1999) ("By necessary implication . . . two levels must be added if any firearm was stolen or had an altered serial number, unless the base level is determined under subsection (a)(7).") (internal quotation omitted); *see also United States v. Kenney*, 283 F.3d 934, 938 (8th Cir. 2002) (holding that the district court "did not impermissibly double count" in applying a

two-level enhancement under § 2K2.1(b)(4) where defendant possessed stolen firearms).

Waters also claims that the four-level enhancement under U.S.S.G. § 2K2.1(b)(6) for possessing firearms in connection with a burglary over-represents the seriousness of the offense. This court has upheld the enhancement where firearms were stolen during a burglary. *See id.* (affirming a sentence applying a four-level enhancement for the burglary of firearms). The district court did not abuse its discretion when sentencing Waters.

The judgment of the district court is affirmed.

_____