[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2003
THOMAS K. KAHN
CLERK

No. 02-16013
Non-Argument Calendar

D. C. Docket No. 02-00012-CR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID ADAMS,
a.k.a. Michael Lamone Adams, etc.,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Georgia

**(April 28, 2003)**

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

David Adams appeals the ninety-two-month sentence he received after he

pled guilty to possession of a stolen firearm in violation of 18 U.S.C. § 922(j). He

asserts that the district court's application of U.S.S.G. § 2K2.1(b)(4), which provides for a two-level enhancement for offenses involving stolen firearms, constitutes impermissible double counting. His challenge to the application of subsection (b)(4) presents a matter of first impression in this Circuit, but seven of our sister circuits have addressed the issue. After reviewing the sentencing guidelines, we join the majority of our sister circuits in holding that the application of the two-level enhancement under subsection (b)(4) is appropriate unless the defendant's base offense level is determined under subsection (a)(7).

## BACKGROUND

Adams pled guilty to possession of a stolen firearm after police officers discovered a loaded semiautomatic pistol, which had been reported stolen, during a consensual search of his vehicle. At his sentencing hearing, the district court determined that his base offense level was twenty-four, because he previously "sustain[ed] at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). Additionally, the district court applied a two-level enhancement pursuant to subsection (b)(4), because the firearm was stolen. Thereupon, Adams challenged the application of subsection (b)(4), arguing that because he was charged with possession of a stolen firearm,

enhancing the offense level based solely upon the stolen nature of the firearm constituted impermissible double counting. The district court rejected his challenge and sentenced him to a prison term of ninety-two months. This appeal followed.

## DISCUSSION

We review the district court's application of the sentencing guidelines de novo. *See United States v. Jackson*, 276 F.3d 1231, 1233 (11th Cir. 2001).

Although we never addressed whether the application of the two-level enhancement under subsection (b)(4) constitutes double counting when the offense of conviction involves a stolen firearm, several of our sister circuits have addressed that issue and found that the enhancement is appropriate when a defendant's base offense level is not determined under subsection (a)(7). *See United States v. Goff*, 314 F.3d 1248, 1249–50 (10th Cir. 2003); *United States v. Raleigh*, 278 F.3d 563, 566–67 (6th Cir.), *cert. denied*, __ U.S. __, 122 S. Ct. 2343 (2002); *United States v. Shepardson*, 196 F.3d 306, 311–14 (2d Cir. 1999); *United States v. Hawkins*, 181 F.3d 911, 911–13 (8th Cir. 1999); *United States v. Brown*, 169 F.3d 89, 93 (1st Cir. 1999); *United States v. Luna*, 165 F.3d 316, 322–23 (5th Cir. 1999); *United States v. Turnipseed*, 159 F.3d 383, 385–86 (9th Cir. 1998). We agree with the reasoning of our sister circuits and find that the district court's

3

application of subsection (b)(4) to enhance Adams's sentence did not constitute impermissible double counting. Our conclusion is based upon the plain language of the sentencing guidelines.

When, as here, a "defendant committed any part of the . . . offense [of conviction] subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense," the sentencing guidelines instruct the district court to use a base offense level of twenty-four under subsection (a)(2). U.S.S.G. § 2K2.1(a)(2). "If any firearm was stolen," the sentencing guidelines also instruct the district court to apply a two-level enhancement. *Id*. § 2K2.1(b)(4). The two-level enhancement, however, cannot be applied

> [i]f the only offense to which §2K2.1 applies is 18 U.S.C. § 922(i), (j), or (u), or 18 U.S.C. § 924(l) or (m) (offenses involving a stolen firearm or stolen ammunition) and the base offense level is determined under subsection (a)(7) . . . . This is because the base offense level takes into account that the firearm or ammunition was stolen.

*Id*. § 2K2.1, cmt. n.12.

Although the sentencing guidelines create an exception for defendants whose base offense level is determined under subsection (a)(7), no such exception is created for defendants whose base offense level is determined under subsection

(a)(2). Indeed, subsection (a)(2), unlike subsection (a)(7), is not exempted, because it does not take into account whether the offense of conviction involved a stolen firearm. Subsection (a)(2) is meant to account only for a defendant's past criminal history; whether the firearm involved was stolen is irrelevant to the district court's determination that a defendant's prior felony convictions warrant a base offense level of twenty-four. As such, the sentencing guidelines "clearly permit[] the [district] court to enhance an offense by two levels under subsection (b)(4) if the base offense is not calculated under . . . § 2K2.1(a)(7)." *Turnipseed*, 159 F.3d at 386 (internal quotation marks omitted).

Thus, when the district court determined Adams's base offense level under subsection (a)(2), it accounted for his past felony convictions, but not the fact that the firearm found in his vehicle was stolen. Consequently, the application of subsection (b)(4) was necessary to account for the fact that the firearm was stolen, and, thus, the district court correctly applied the two-level enhancement.

CONCLUSION

Accordingly, we AFFIRM.