[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 5, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14762
Non-Argument Calendar

_____

D. C. Docket No. 05-00403-CR-02-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEANTE ANTWON GEORGE,
a.k.a. D,
a.k.a. Dee,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 5, 2007)

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Deante Antwon George appeals his sentence of 70 months imprisonment, imposed following his guilty plea for possession of stolen firearms, in violation of 18 U.S.C. § 922(j). After a thorough review of the record, we affirm.

I. Background

George was charged in 4 counts of a 7-count indictment with multiple codefendants in connection with robberies of licensed firearms dealers. Count 4, to which George later pleaded guilty, charged George and others with possessing stolen firearms, in violation of 18 U.S.C. § 922(j).

At the change-of-plea hearing, the government proffered that it could prove that George participated in two robberies of firearms dealers, in one case acting as a lookout. The robberies netted more than 90 guns, including machine guns, some of which were kept by George and his codefendants. George knew the guns were stolen when he took possession of them. George explained his participation as that of lookout in the second robbery, claiming that he had not wanted to participate and did not want the guns, but that he wanted money.

The probation officer prepared a presentence investigation report ("PSI"), assigning a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(B) because one firearm stolen was a machine gun and George was a prohibited person.[1] The

---

[1] George was a prohibited person because he had a prior felony conviction and because he was not a licensed firearms dealer. U.S.S.G. § 2K2.1, comment. (n.3); see also 18 U.S.C. § 922(g), (n).

probation officer then added 6 levels for the number of weapons involved, § 2K2.1(b)(1)(C), and 2 levels because the offense involved stolen firearms, § 2K2.1(b)(4). With a reduction for acceptance of responsibility, the adjusted offense level was 26, and the resulting guidelines range was 70 to 87 months imprisonment.

George objected, <u>inter alia</u>, to (1) the base offense level, because the level overstated his involvement and he had no knowledge of the machine gun; (2) an enhancement for stolen firearms, because it constituted double counting, as his base offense level took the nature of the firearms into consideration; and (3) the failure to recommend a reduction for minimal role in the offense, as he only acted as lookout in one of the robberies.

At sentencing, the court overruled the objections, finding that (1) the base offense level guideline was strict liability, the store that was robbed had a sign indicating that it sold machine guns, and machine guns posed a dangerous threat to the community; (2) the guidelines commentary was clear that the enhancement for a stolen weapon applied because George was a prohibited person; and (3) George did not have a minimal role because he acted as lookout, he participated in the offense for money, and he gave conflicting stories to police. The court then considered the sentencing factors in 18 U.S.C. § 3553(a), and imposed a sentence

of 70 months imprisonment with credit for time served.  George now appeals.

II. Sentencing Issues

After Booker,[2] although the guidelines are no longer mandatory, the district court is still required to correctly calculate the guidelines range, and we review a defendant's ultimate sentence for reasonableness.  United States v. Lee, 427 F.3d 881, 892 (11th Cir. 2005), cert. denied, 126 S.Ct. 1447 (2006); United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005); United States v. Crawford, 407F.3d 1174, 1179 (11th Cir. 2005). A district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error.  United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).  A district court's factual findings are reviewed for clear error and its application of the guidelines is reviewed de novo.  United States v. McGuinness, 451 F.3d 1302, 1304 (11th Cir. 2006).  George bears the burden of showing that his sentence was unreasonable.  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

A. Minor-role reduction

George first argues that the court erred by denying his request for a reduction for his minimal or minor role in the offense because his culpability was less than that of his codefendants, he lacked knowledge of the other robberies and

---

[2] United States v. Booker, 543 U.S. 220 (2005).

the disposition of the guns, and he could not have removed himself from the scheme without great difficulty. He further challenges the government's failure to present witnesses who could have testified to his involvement.

The guidelines provide for reductions in the base offense level if the defendant played a minimal or minor role in the offense. U.S.S.G. § 3B1.2 ("If the defendant was a minimal participant in any criminal activity, decrease by 4 levels. . . . If the defendant was a minor participant in any criminal activity, decrease by 2 levels. . . ."). According to the commentary, the reduction for a minimal participant,

> is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant. It is intended that the downward adjustment for a minimal participant will be used infrequently.

U.S.S.G. § 3B1.2, comment. (n.4). The reduction for a minor role in the offense applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." Id., comment. (n.5). In determining the defendant's role in the offense, the court may consider any relevant conduct attributable to the defendant. De Varon, 175 F.3d at 942. The defendant bears the burden of proving the mitigating role in the offense by a preponderance of the

5

evidence.  Id. at 939.

Here, there is no clear error in the court's decision to deny reductions based on minimal or minor role in the offense.  First, George was not entitled to a reduction for his minimal role because he could not show that he was the least culpable given his role as the lookout and in the other counts for which George was not convicted.  Notably, the government included facts related to George's participation in the prior robberies at the change-of-plea hearing, and George admitted the facts were correct.  Additionally, the court could have considered these other offenses as evidence of his knowledge of the overall scheme.  Although George stated that he did not want to participate, the court could have concluded based on the evidence that George knew of the plans.  George indicated that he chose to participate in the hopes that he would receive money for his involvement and, when confronted by police, George proffered several different stories about his involvement.  In light of this, and the fact that role reductions are to be given infrequently, George cannot show that he was among the least culpable.  U.S.S.G. § 3B1.2, comment. (n.4).

Furthermore, George cannot show that he was entitled to a reduction for minor role in the offense.  In determining whether the reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines:

6

first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." De Varon, 175 F.3d at 940. "Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable - not a minor role in any larger criminal conspiracy - should the district court grant a downward adjustment for minor role in the offense." Id. at 944. Here, George was held accountable for his own conduct, and he cannot show that his participation was minor.

Finally, George misunderstands his burden when he challenges the government's failure to put on evidence of his knowledge. It is the defendant who bears the burden of showing his entitlement to a reduction, and George has not met his burden.

B. Section 2K2.1(a)(4)(B)

George next argues that the six-level enhancement because the firearm involved was a machine gun overstates the seriousness of his offense. He asserts that he had no knowledge that a machine gun was taken, and he did not intend to take a machine gun. He notes that the gun involved was a World War II antique, which was very heavy and cumbersome to use, thereby making it less dangerous than an ordinary machine gun.

Notably, George does not couch his argument in terms of reasonableness, but rather seems to challenge the application of § 2K2.1(a)(4)(b). We conclude that the district court correctly applied the guideline to George's offense. Under § 2K2.1(a)(4)(b), a base offense level of 20 applies if the offense involved a machine gun and the defendant was a prohibited person, that is, he had a prior felony conviction and he was not a licensed firearms dealer. See U.S.S.G. § 2K2.1(a)(4)(B); § 2K2.1, comment. (n.3); see also 26 U.S.C. § 5845(a) (identifying machine guns as one of the weapons to which the guideline applies); 18 U.S.C. § 922(g), (n) (defining "prohibited person").

Moreover, the sentence imposed was reasonable. The court correctly determined the advisory range prescribed by the Sentencing Guidelines and considered the factors enumerated in 18 U.S.C. § 3553(a).[3] Talley, 431 F.3d at 786. Here, the court considered the prior record and the offenses committed. Although George pleaded guilty to only one count, the government proffered that it

_____

[3] These factors include: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and] (3) the kinds of sentences available[.]" 18 U.S.C. § 3553(a)(1)-(3). "Although sentencing courts must be guided by these factors, nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Thomas, 446 F.3d 1348, 1357 (11th Cir. 2006) (citation and quotation omitted).

could prove George's involvement in two robberies, and the government noted that some of the guns had been sold and the defendants had retained other guns. George admitted the proffer was correct. In light of these facts, the court's sentence, which fell at the low end of the guidelines range, was reasonable. See Talley, 431 F.3d at 788.

C. Double Counting

Finally, George argues that the court engaged in double counting when it enhanced his sentence based on a stolen weapon when his conviction already took the stolen weapon into account. He urges this court to reconsider its decision in United States v. Adams, 329 F.3d 802 (11th Cir. 2003), which reached the contrary conclusion.

Under U.S.S.G. § 2K2.1, the base offense level for convictions under § 922(j) is 20 if the firearm involved was a firearm listed in 26 U.S.C. § 5845(a), which includes machine guns, and the defendant was a prohibited person at the time of the offense. U.S.S.G. § 2K2.1(a)(4). This offense level is then increased by four levels if the firearm was stolen. U.S.S.G. § 2K2.1(b)(4). The commentary to the guidelines explains that the enhancement would not apply if the defendant's base offense level arose under subsection (a)(7). U.S.S.G. § 2K2.1, comment. (n.9).

9

Here, George's base offense level arose under § 2K2.1(a)(4), and therefore, the commentary does not prohibit the enhancement for stolen firearms. Moreover, we are bound by this court's decision in Adams, which considered the enhancement for stolen firearms under § 2K2.1(b)(4) and concluded that it did not result in double counting. United States v. Duncan, 400 F.3d 1297, 1305 (11th Cir. 2005) (explaining that a panel of this court is bound by a decision of a prior panel unless the decision has been overruled by this court sitting en banc or by the Supreme Court).

For the foregoing reasons, we AFFIRM.