**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Willie TURNIPSEED, Defendant–
Appellant.**

**Nos. 97–30327.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 6, 1998.[1]

Decided Oct. 20, 1998.

1. The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and Ninth Circuit Rule.

**384**

Santiago E. Juarez, Espanola, New Mexico, for the defendant-appellant.

Holly E. Morris and Andrew R. Hamilton, Assistant United States Attorneys, Seattle, Washington, for the plaintiff-appellee.

Before: SKOPIL, REINHARDT, and GRABER, Circuit Judges.

## OPINION

GRABER, Circuit Judge.

Defendant pleaded guilty to possession of a stolen firearm, a violation of 18 U.S.C. §§ 922(j)[2] and 924(a)(2).[3] He appeals his 120–month sentence of imprisonment, raising several claims of error. We affirm.

**FACTS AND PRIOR PROCEEDINGS**

In the early morning hours of December 9, 1995, defendant walked past several youths near a telephone booth in Tacoma, Washington. At least one of the youths allegedly threw a rock or rocks at defendant. In response, defendant pulled a handgun from his waistband and fired several shots in the youths' direction. No one was struck by bullets fired from defendant's handgun.

Tacoma police officers arrived on the scene in response to witnesses' telephone calls. Eventually, the officers located defendant in a car that was parked several blocks from the scene of the shooting. When the officers approached defendant, they saw him place something under his seat. A search of the car yielded a .45 caliber handgun, hidden under defendant's seat. Tests on the handgun and on the empty shell casings recovered from the scene of the shooting revealed that the empty casings were fired from that gun. Later, the handgun was determined to have been stolen.

On June 12, 1996, defendant pleaded guilty in state court to one count of Assault in the Third Degree. The state court sentenced defendant to 366 days in prison, a year of post-prison supervision, and a fine. Defendant completed his state prison term and was released from state prison. Thereafter, a federal grand jury returned a one-count indictment against defendant, charging him with being a felon in possession of a firearm. Additionally, the United States Attorney's Office filed a one-count information charging defendant with possession of a stolen firearm. Defendant pleaded guilty to possession of a stolen firearm, in exchange for dismissal of the other federal charge. On October 3, 1997, the district court sentenced defendant to 120 months' imprisonment. This timely appeal ensued.

---

**2.** 18 U.S.C. § 922(j) provides:

It shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, either before or after

it was stolen, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.

**3.** 18 U.S.C. § 924(a)(2) provides that "[w]hoever knowingly violates subsection ... (j) ... of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."

## CALCULATION OF CRIMINAL HISTORY SCORE

Defendant first argues that the district court erred in calculating his criminal history score. Specifically, he argues that the district court erroneously assessed one criminal history point for his June 11, 1992, misdemeanor conviction on a charge of "[f]light/noise/offensive words," for which he was fined $30.[4]

Ordinarily, we review *de novo* a district court's determination that a prior conviction falls within the scope of the Sentencing Guidelines. *United States v. Young,* 988 F.2d 1002, 1003 (9th Cir.1993). Here, however, we need not decide whether defendant's misdemeanor conviction resulted in a "prior sentence" within the meaning of U.S.S.G. § 4A1.1(c), because he suffered no prejudice even if the district court erred in this respect.

The district court concluded that defendant had 11 criminal history points. Defendant argues that this calculation was one point too high because of the determination that the misdemeanor conviction resulted in a "prior sentence." Even if defendant is correct, he still would be within criminal history category V. *See* U.S.S.G. Ch. 5 Pt. A (providing that criminal history category V includes criminal history point totals of 10, 11, and 12). *See United States v. Lopez–Cavasos,* 915 F.2d 474, 476 (9th Cir.1990) (holding that the court need not determine whether a prior conviction should have been excluded from the defendant's criminal history score, "because even if ... that one point should be subtracted from [the defendant's] criminal history score, it would not affect his sentence").

4. Defendant makes three additional assignments of error in his opening brief. The district court resolved each of these issues in defendant's favor, however, so there is nothing further for us to consider on his appeal.

5. U.S.S.G. § 2K2.1(b)(4) provides that, "[i]f any firearm was stolen, or had an altered or obliterated serial number, increase by 2 levels."

6. U.S.S.G. § 2K2.1(b)(5) provides:

## TOTAL OFFENSE–LEVEL CALCULATION

As noted, defendant's conviction were for possession of a stolen firearm under 18 U.S.C. §§ 922(j) and 924(a)(2). The base offense level for a conviction for possessing a stolen firearm is found in U.S.S.G. § 2K2.1. It is undisputed that defendant has a base offense level of 24, because he had at least two prior felony convictions of either a crime of violence or a crime involving a controlled substance. U.S.S.G. § 2K2.1(a)(2). The Guidelines provide that certain "specific offense characteristics" increase the offense level. U.S.S.G. § 2K2.1(b). In this case, the district court increased defendant's offense level two levels pursuant to U.S.S.G. § 2K2.1(b)(2),[5] because the firearm involved in his offense was stolen. Defendant's offense level was further increased by four levels pursuant to U.S.S.G. § 2K2.1(b)(5).[6] That increase resulted from defendant's use of a firearm in connection with his state felony conviction for assault.

Defendant argues that the two-level enhancement for possession of a firearm results in "double counting." In essence, defendant argues that he pleaded guilty to possession of a stolen weapon under 18 U.S.C. § 922(j) for which the Guidelines provide, in his case, a base offense level of 24 and that to increase his offense level pursuant to U.S.S.G. § 2K2.1(b)(4) is inappropriate, because his possession of the stolen weapon already was taken into account in the base-level calculation. We review *de novo* a district court's interpretation and application of the Sentencing Guidelines. *United States v. Shrestha,* 86 F.3d 935, 938 (9th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 375, 136 L.Ed.2d 264 (1996).

If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels. If the resulting offense level is less than level 18, increase to level 18.

Defendant's argument is not well taken. Application Note 12 to U.S.S.G. § 2K2.1 provides:

> If the only offense to which § 2K2.1 applies is 18 U.S.C. § 922 ... (j) ... (offenses involving a *stolen firearm or stolen ammunition*) and the base offense level is determined under *subsection (a)(7)*, do not apply the adjustment in subsection (b)(4) ... because the base offense level takes into account that the firearm or ammunition was stolen.

(Emphasis added.) Note 12 "clearly permits the sentencing court to enhance an offense by two levels under subsection (b)(4) if the base offense is not calculated under U.S.S.G. § 2K2.1(a)(7)." *United States v. Armstead*, 114 F.3d 504, 509 (5th Cir.1997), *cert. denied*, ⎯ U.S. ⎯, 118 S.Ct. 315, 139 L.Ed.2d 243 (1997). Defendant's base level was determined under subsection (a)(2) and, therefore, his offense may be enhanced under subsection (b)(4). The district court, therefore, did not err in enhancing defendant's offense level by two levels.

■ Defendant also assigns error to the district court's four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5). Subsection (b)(5) requires a four-level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." Defendant contends that it was error to apply that enhancement, because the other "felony offense" was his assault conviction based on the same underlying conduct. Defendant argues that he already has been punished for his use of a weapon, through the state conviction, and that to apply the four-level enhancement results in punishing him twice for the same conduct. Again, we review this legal issue *de novo*.

This circuit has rejected similar arguments. In *United States v. Rutledge*, 28 F.3d 998 (9th Cir.1994), the defendant was sentenced for being a felon in possession of a firearm, and the district court applied a four-level enhancement pursuant to subsection (b)(5). This court upheld that sentence. The court reasoned that the defendant's sentence did not punish him twice for the same conduct.

Rather, it punishe[d] him for felony possession with an enhancement for conduct which occurred during the course of his offense. His offense level would have been 24 if he had just been in possession of the gun. Because he possessed the gun while committing another offense, his offense level was increased four points....

*Id.* at 1004.

The same reasoning applies here. Defendant is not being punished twice for his assaultive conduct. Had he merely been in possession of the stolen gun, his offense level would not have been enhanced by four levels. However, because he possessed the stolen gun while committing another felony offense, namely, assault, the enhancement of the seriousness of the gun possession itself is appropriate. The district court did not err in applying the subsection (b)(5) four-level enhancement.

## CREDIT FOR TIME SERVED ON STATE CONVICTION

■ Defendant next argues that the district court erred in refusing to give him credit for the time that he had served in state prison for assault. He urges that U.S.S.G. § 5G1.3(b) requires that he receive such credit. That section provides:

> If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

■ As noted above, we review *de novo* a district court's interpretation and application of the Sentencing Guidelines. *Shrestha*, 86 F.3d at 938. A district court's discretionary refusal to depart from the Guidelines cannot be reviewed on appeal. *United States v. Tucker*, 133 F.3d 1208, 1214 (9th Cir.1998).

By its terms, U.S.S.G. § 5G1.3(b) applies only to an "undischarged term of imprisonment." Although this circuit has not defined "undischarged term of imprisonment," the Seventh and Tenth Circuits have held that

the phrase does not include a completed term of incarceration. *See United States v. Blackwell,* 49 F.3d 1232, 1241 (7th Cir.1995) ("Section 5G1.3 on its face does not apply to [the defendant] because, by the time of his sentencing[,] ... he had completed his term for the related conduct in [state prison] and therefore had no relevant 'undischarged term of imprisonment.'") (footnote omitted); *United States v. Ogg,* 992 F.2d 265, 266 (10th Cir.1993) (holding that the phrase "undischarged term of imprisonment" did not include a completed state term of incarceration).

The Seventh and Tenth Circuits' interpretation of the phrase "undischarged term of imprisonment" is persuasive. The term "undischarged" means "not discharged." *Webster's Third New Int'l Dictionary* 2491 (unabridged ed.1993). In turn, to "discharge" means (as pertinent) "to release from confinement." *Id.* at 644. To interpret the phrase "undischarged term of imprisonment" to include an already-completed prison term would contradict the plain meaning of the term "undischarged." When interpreting the Sentencing Guidelines, we should look to the plain meaning of its terms. *See United States v. Boos,* 127 F.3d 1207, 1210 (9th Cir.1997), *cert. denied,* — U.S. ——, 118 S.Ct. 734, 139 L.Ed.2d 672 (1998) (stating that, when interpreting the Sentencing Guidelines, "we 'follow[ ] the axiom that words used in a statute are to be given their ordinary meaning in the absence of persuasive reasons to the contrary.'") (quoting *Burns v. Alcala,* 420 U.S. 575, 580–81, 95 S.Ct. 1180, 43 L.Ed.2d 469 (1975)).

Context supports the same result. The point of U.S.S.G. § 5G1.3(b) is to provide for the federal sentence "to *run concurrently* to the undischarged term of [state] imprisonment." (Emphasis added.) If a defendant has been released from state prison after having served the term imposed, no term of imprisonment remains with which the federal sentence can "run concurrently."

7. U.S.S.G. § 5K2.0 allows the court to depart from a sentence prescribed by the Guidelines "if the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the

Here, defendant has completed his state term of imprisonment. Therefore, U.S.S.G. § 5G1.3 does not apply to him.

In the circumstances, then, the request that defendant be given credit for his completed state sentence amounted to a request for a downward departure,[7] which the district court denied. A district court's discretionary denial of a request to depart from the Guidelines cannot be reviewed on appeal. *Tucker,* 133 F.3d at 1214. Therefore, the district court's decision not to grant defendant credit for time served in state prison must remain undisturbed.

## WITHDRAWAL OF GUILTY PLEA

 Finally, defendant argues that the district court rejected the parties' plea agreement and, in the process, ignored defendant's motion to withdraw his guilty plea. A district court's decision whether to grant a motion for withdrawal of a guilty plea is reviewed for abuse of discretion. *United States v. Oliveros–Orosco,* 942 F.2d 644, 645–46 (9th Cir.1991). Neither of defendant's contentions is well taken.

First, from a full review of the record, it is clear that the court did not reject the plea agreement but, rather, only refused to adopt the parties' specific recommendation that defendant be credited for time served in state prison. The plea agreement itself provided only that the government would "recommend" that the district court give defendant credit for the time that he had served in state prison. Defendant was advised in his plea agreement that

the court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the sentencing guideline range offered by the parties or the United States Probation Department; and that defendant may not withdraw his guilty plea solely because of the sentence imposed by the court.

Additionally, when defendant entered his plea, the district judge told him, "There are

Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." (Internal quotation marks omitted.)

no deals you know." Defendant understood that the district court could impose the maximum sentence.

Second, the record discloses that defendant made no motion to withdraw his guilty plea. The district court, therefore, did not ignore any such motion.

## CONCLUSION

The district court did not err in any of the respects that defendant asserts.

AFFIRMED.