**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Patrick Thomas BOAM, Defendant–**
**Appellant.**

No. 08–30321.

United States Court of Appeals,
Ninth Circuit.

Submitted June 1, 2009.*

Filed June 17, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joseph Hilary Harrington, Assistant U.S., USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Stephen R. Hormel, FPDWA–Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: CANBY, THOMPSON and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Patrick Thomas Boam ("Boam") appeals his ninety-month sentence for stealing fourteen firearms from a licensed firearms dealer in violation of 18 U.S.C. § 922(u), alleging errors in the district court's calculation of his criminal history and total offense level under the United States Sentencing Guidelines ("Guidelines"). We review the district court's interpretation of the Guidelines de novo, and its application of the Guidelines to the facts for abuse of discretion. *United States v. Garro*, 517 F.3d 1163, 1167 (9th Cir.2008) (citation omitted). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ In calculating Boam's criminal history, the district court properly consid-

ered Boam's two-year state sentence for violating California Vehicle Code § 10851(a). Boam's attempt to collaterally attack this state sentence during federal sentencing proceedings is foreclosed by our decision in *United States v. Saya*, 247 F.3d 929, 940 (9th Cir.2001) (holding that a defendant may not collaterally attack a state sentence during federal sentencing proceedings). Moreover, contrary to Boam's assertion, the state sentence was not an illegal "second sentence" under California law. Rather, the state court suspended imposition of sentence when Boam was convicted, and then properly imposed the two-year prison term following revocation of his probation. *See People v. Howard*, 16 Cal.4th 1081, 68 Cal.Rptr.2d 870, 946 P.2d 828, 830, 837 (1997) (noting that court has full sentencing discretion upon revocation of probation in such circumstances).

■ We further conclude that the district court properly determined Boam's offense level under the Guidelines. The district court did not "double count" by applying both subsections 2K2.1(b)(1)(B) and 2K2.1(b)(4)(A), as each subsection accounts for distinct characteristics of a firearms offense. Subsection 2K2.1(b)(1)(B) is a generic guideline that accounts for the *number* of firearms involved in a particular offense, whether it be possessing, stealing or transporting firearms; subsection 2K2.1(b)(4)(A) independently accounts for the fact that the firearms are stolen.

Furthermore, the district court did not err in applying both subsections, as the Guidelines' commentary and our case law indicate that subsection 2K2.1(b)(4)(A) may be applied in connection with any subsection of § 2K2.1, save subsection

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**644**

2K2.1(a)(7). *See* U.S. Sentencing Guidelines Manual § 2K2.1 cmt. n. 8 (2007) (precluding application of § 2K2.1(b)(4)(A) only if a defendant's base offense level is calculated under subsection 2K2.1(a)(7), because subsection 2K2.1(a)(7) already accounts for the fact that firearms were stolen); *United States v. Turnipseed,* 159 F.3d 383, 386 (9th Cir.1998) (same). Here, Boam's base offense level was not calculated under subsection 2K2.1(a)(7), which applies to defendants with no criminal record; rather, it was calculated under subsection 2K2.1(a)(4) due to his prior violent felony convictions. Accordingly, Boam's sentence is **AFFIRMED.**