**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30158 |
| Plaintiff - Appellee, | D.C. No. CR 10-0372 KI-1 |
| v. | MEMORANDUM[*] |
| LUIS MONTOYA-RAMIREZ, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Submitted May 7, 2012[**]
Portland, Oregon

Before: TASHIMA, TALLMAN, and IKUTA, Circuit Judges.

Luis Montoya-Ramirez appeals the 33-month sentence imposed following

his guilty plea conviction for re-entry after deportation, in violation of 8 U.S.C. §

1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the district court's interpretation of the Sentencing Guidelines de novo, and its application of the Guidelines for abuse of discretion. *United States v. Rising Sun*, 522 F.3d 989, 993 (9th Cir. 2008).

The district court did not engage in impermissible-double counting when it calculated Montoya-Ramirez's criminal history score. A sentence imposed for a probation revocation is counted separately from a sentence for a new criminal conviction imposed at the same time. U.S.S.G. § 4A1.2; *United States v. Palmer*, 946 F.2d 97, 99 (9th Cir. 1991). Therefore, the district court did not err when it assigned three criminal history points for the sentence resulting from the revocation of probation on Montoya-Ramirez's prior burglary conviction, and an additional two points for the sentence on the DUI conviction that led to the revocation.

The district court did not abuse its discretion by failing to grant Montoya-Ramirez's request for a 12-month downward variance pursuant to U.S.S.G. § 5G1.3 as credit for time served on his state burglary conviction. U.S.S.G. § 5G1.3 only applies to defendants subject to an undischarged term of imprisonment. *See United States v. Turnipseed*, 159 F.3d 383, 387 (9th Cir. 1998). As Montoya-Ramirez concedes, his state prison term was not undischarged at the time of sentencing on the instant offense. He also concedes that his burglary conviction is

not technically relevant conduct to the instant offense, so U.S.S.G. § 5G1.3(b) does not apply.  The district court acted within its discretion when it considered the time Montoya-Ramirez served in state custody, along with other factors listed in 18 U.S.C. § 3553(a), and imposed a sentence 4 months below the Guidelines range.

AFFIRMED.