**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

GILBERT BRITO,
*Defendant-Appellant.*

No. 15-30229

D.C. No.
3:12-cr-00328-MO-1

OPINION

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief District Judge, Presiding

Argued and Submitted November 7, 2016
Portland, Oregon

Filed August 22, 2017

Before: M. Margaret McKeown, William A. Fletcher,
and Raymond C. Fisher, Circuit Judges.

Opinion by Judge W. Fletcher;
Dissent by Judge McKeown

## SUMMARY*

### Criminal Law

The panel vacated the district court's order on the defendant's motion under 18 U.S.C. § 3582(c)(2) seeking a sentence reduction based on retroactive Sentencing Guidelines Amendment 782 concerning drug offenses, and remanded for further proceedings.

In determining the term of imprisonment at his original sentencing, the district court credited the defendant with four months for time he had served in state custody. In his motion for reduction of sentence, the defendant sought a similar four-month credit. Reducing the defendant's sentence from 76 to 70 months, the district court believed that it was precluded from granting the requested credit by U.S.S.G. § 1B1.10(b)(2)(A), which provides that a court may not reduce a "term of imprisonment" to a "term that is less than the minimum of the amended guideline range."

The panel held that "term of imprisonment," as used in § 3582(c)(2) and § 1B1.10(b)(2)(A), can include time spent in state custody, and that if the district court at the original sentencing gave credit for time spent in state custody in determining the defendant's sentence, the "term of imprisonment" on the motion for sentence reduction can include the time spent in both federal and state custody. The panel concluded that the district court in its discretion may give the defendant credit for the four months he served in

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

state custody, thereby reducing his sentence to 66 months in federal custody.

Dissenting, Judge McKeown wrote that the majority endeavors to skirt the Guidelines' affirmative prohibition against reducing the "term of imprisonment" below the lower end of the amended guideline range by stretching the decision in *United States v. Drake*, 49 F.3d 1438 (9th Cir. 1995), from a context where it makes sense to one where it does not.

## COUNSEL

Stephen R. Sady (argued), Chief Deputy Federal Public Defender; Elizabeth G. Daily, Research & Writing Attorney; Office of the Federal Public Defender, Portland, Oregon; for Defendants-Appellants.

Jeffrey S. Sweet (argued), Assistant United States Attorney; Kelly A. Zusman, Appellate Chief; Billy J. Williams, United States Attorney; United States Attorney's Office, Eugene, Oregon; for Plaintiff-Appellee.

## OPINION

W. FLETCHER, Circuit Judge:

In April 2015, Gilbert Brito filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence for possession of heroin with intent to distribute. Section 3582(c)(2) authorizes a reduction of a defendant's "term of imprisonment" if the U.S. Sentencing Commission has lowered the applicable guideline range pursuant to 28 U.S.C.

§ 994(*o*).  In November 2014, the Sentencing Commission had reduced by two most of the offense levels on the Drug Quantity Tables.  The effect of the change was to reduce the sentencing guideline range for many drug offenses.  Brito's original guideline range was reduced from 84 to 105 months to a new range of 70 to 87 months.  Brito had originally been sentenced to 76 months in federal custody.  Brito sought a reduction of his sentence in federal prison to 66 months.

At Brito's original sentencing, in determining his term of imprisonment, the district court had credited Brito with four months for time he had served in state custody.  In his motion for reduction of sentence, Brito sought a similar four-month credit.  The district court believed that it was precluded from granting the requested credit by U.S.S.G. § 1B1.10(b)(2)(A), which provides in relevant part that a court may not reduce a "term of imprisonment" to a "term that is less than the minimum of the amended guideline range."  The minimum of Brito's amended guideline range was 70 months.  A four-month credit would have reduced the sentence to 66 months in federal custody.  The district court did not believe it had the authority to treat Brito's four months in state custody as part of his "term of imprisonment."  It therefore reduced Brito's sentence to 70 months in federal custody.

For the reasons that follow, we conclude that "term of imprisonment," as used in 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(b)(2)(A), can include time spent in state custody.  If the district court at the original sentencing gave credit for time spent in state custody in determining the defendant's sentence, the "term of imprisonment" on the motion for sentence reduction can include the time spent in both federal and state custody.  In the case now before us, the district court in its discretion may give Brito credit for the

four months he served in state custody, thereby reducing his sentence to 66 months in federal custody and resulting in a total "term of imprisonment" of 70 months. We vacate and remand.

## I. Background

Brito was charged in federal court with possession of heroin with intent to distribute, felony possession of a firearm, and carrying a firearm in furtherance of a drug trafficking crime. Pursuant to a plea agreement, Brito pleaded guilty to a single count of possession of heroin with intent to distribute. The presentence report calculated the base offense level under the Drug Quantity Table as 26 and recommended adjustments resulting in a total offense level of 25. Based on his criminal history category of IV, Brito's advisory guidelines range was 84 to 105 months. Brito and the government agreed to recommend a sentence of 80 months imprisonment, which took into account a four-month downward variance based on Brito's guilty plea. *Id.*

At sentencing in November 2012, Brito's attorney Thomas Hester asked for a further reduction, from 80 to 76 months, to take into account four months Brito had served in state custody after violating conditions of supervision under a prior Oregon conviction. The conduct constituting the state-court violation was the same conduct for which Brito was charged in federal court. Brito had begun serving his four months in state custody after his arrest on federal charges. By the time of his original federal sentencing, Brito had already completed his time in state custody.

The district court accepted the request that Brito be given credit for his four months in state custody. Because Brito had

already completed the time, the district court believed that it could not give him a concurrent sentence. *See United States v. Turnipseed*, 159 F.3d 383, 387 (9th Cir. 1998) ("If a defendant has been released from state prison after having served the term imposed, no term of imprisonment remains with which the federal sentence can 'run concurrently.'"); *but see United States v. Setser*, 132 S.Ct. 1463, 1468 (2012) ("Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings."). Instead, the district court gave him credit for time served, thereby achieving the same result. At sentencing, the district court asked Brito's attorney, "Now, just so I'm clear, you're not asking for concurrent time because the time has run, you're asking me to drop four months in order to account for the time that's run; is that right?" After receiving an affirmative answer, the court said, "Mr. Hester is asking that I do what's often done, which is take into account by way of reduction of time already served essentially for the same criminal conduct. And so I'm going to do that in this case." The district court then sentenced Brito to 76 months in federal custody, resulting in a total term of imprisonment, in state and federal custody, of 80 months.

On November 1, 2014, the Sentencing Guidelines were amended, reducing by two levels the base offense levels for most federal drug possession and distribution crimes. Guidelines Amendment 782 lowered the sentencing range for "offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in §2D1.1, and made parallel changes to §2D1.11." Guidelines Amendment 788 made Amendment 782 retroactive, allowing prisoners

sentenced under the old Guidelines to petition for resentencing under the new Guidelines.

A reduction in sentence after a reduction in the guideline range is authorized by 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a *term of imprisonment* based on a sentencing range that subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), . . . the court may reduce the *term of imprisonment*, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(Emphases added.) A reduction in sentence under § 3582(c)(2) is not a resentencing. As the Supreme Court wrote in *Dillon v. United States*, 560 U.S. 817, 825 (2010):

> By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the "modif[ication of] a term of imprisonment" by giving courts the power to "reduce" an otherwise final sentence in circumstances specified by the Commission.

(Alteration in original.)

The "applicable policy statement[] issued by the Sentencing Commission" provides:

> In a case in which a defendant is serving a *term of imprisonment*, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's *term of imprisonment* as provided by 18 U.S.C. 3582(c)(2).

U.S.S.G. § 1B1.10(a)(1) (emphases added). Amendment 782 is one of the amendments listed in subsection (d). A different policy statement limits the permissible reduction in sentence:

> Except as provided in subdivision (B), the court shall not reduce the defendant's *term of imprisonment* under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

U.S.S.G. § 1B1.10(b)(2)(A) (emphasis added.) Subdivision (B) permits a reduction of the term of imprisonment below the minimum of the amended guideline range for a defendant who provided "substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B). Brito has not provided assistance to authorities that would qualify under subdivision (B).

Based on Amendment 782, Brito moved for a reduction in sentence under § 3582(c)(2). Under Amendment 782, the

new base offense level for Brito's offense is 24. His new guideline range is 70 to 87 months. In his motion, Brito sought credit for the four months he had served in state custody in determining his new "term of imprisonment." The district court recognized that the sentencing court had given Brito a four-month credit at his original sentencing for the time he had served in state custody: "[T]he sentencing court lacked any authority to order a concurrent sentence. Due to this lack of authority, the best explanation for the additional 4-month reduction Defendant received is that it was a downward variance granted to achieve the functional result of a concurrent sentence." However, the district court concluded that it was precluded, in ruling on Brito's motion for a reduction in sentence, from giving him credit for the time served in state custody. The district court therefore reduced Brito's sentence to 70 months in federal custody.

## II.  Standard of Review

Section 3582(c)(2) "provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission." *Dillon*, 560 U.S. at 825 (alteration in original). We review for abuse of discretion a district court's ruling on a motion under § 3582(c)(2). *See United States v. Lightfoot*, 626 F.3d 1092, 1094 (9th Cir. 2005). "A district court may abuse its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *United States v. Chaney*, 581 F.3d 1123, 1125 (9th Cir. 2009) (internal quotation marks omitted). Whether a district court can give credit for time previously served in prison is a question of law that we review *de novo*. *See United States v. Peters*, 470 F.3d 907, 908–09 (9th Cir. 2006) (per curiam).

### III. Discussion

The Sentencing Guidelines provide a regular procedure for sentencing reductions "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*)." 18 U.S.C. § 3582(c)(2). District courts must engage in a two-step inquiry to determine if a reduction is appropriate. *See Dillon*, 560 U.S. at 826; *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10. *See Dillon*, 560 U.S. at 827. Second, a district court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. We have called these steps the "eligibility prong" and the "discretionary prong." *Dunn*, 728 F.3d at 1157. The eligibility prong is at issue in this case.

Under the eligibility prong, the district court must "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced . . . and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Section 1B1.10(b)(2)(A) limits the permissible reduction in sentence. It provides, in relevant part, that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the

amended guideline range determined under subdivision (1) of this subsection."  § 1B1.10(b)(2)(A).

The Fair Sentencing Act ("FSA") was designed to "restore fairness to Federal cocaine sentencing" by eliminating the unfair distinction between crack and powder cocaine.  Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010).  The Sentencing Commission promulgated policy statement U.S.S.G. § 1B1.10 as part of its implementation of the FSA.  In the initial version of § 1B1.10, a cocaine defendant who had received a below-guidelines departure or variance in his original sentence could receive a reduced sentence below the amended guideline range, to a degree comparable to the original below-guidelines sentence.  *See* U.S.S.G. § 1B1.10(b)(2) (2010).

The Commission revised the policy statement two years later, adopting the statement that governs this case.  *See* U.S.S.G. § 1B1.10(b)(2) (2012).  "Because [§ 1B1.10(b)(2) (2010)] proved difficult to administer and prompted litigation, the Commission revised § 1B1.10 . . . to prohibit courts from reducing a 'defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range.'" *United States v. Tercero*, 734 F.3d 979, 981–82 (9th Cir. 2013); *see also* Notice of Final Action Regarding Amendment to Policy Statement 1B1.10, 76 Fed.Reg. 41332, 41334 (July 13, 2011).  In *United States v. Davis*, 739 F.3d 1222 (9th Cir. 2014), we described the Commission's rationale for adopting the revised policy statement:

> In adopting revised § 1B1.10(b), the Commission sought to avoid undue complexity and litigation and to promote

uniformity in sentences. The Commission was also concerned that retroactively amending the guidelines could result in a windfall for defendants who had already received a departure or variance, especially one that took into account the disparity in treatment between powder and crack cocaine that the FSA sought to correct.

*Id.* at 1225 (citation omitted); *see also* U.S.S.G. Manual App'x C, Amend. 759, Reason for Amendment, at 420 (2011) ("The Commission has determined that . . . a single limitation applicable to both departures and variances furthers the need to avoid unwarranted sentencing disparities and avoids litigation in individual cases.").

For the reasons that follow, we conclude that a defendant's "term of imprisonment," as used in the statute and the guideline, includes time spent in both state and federal custody. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(b)(2)(A). Our conclusion is consistent with *United States v. Drake*, 49 F.3d 1438 (9th Cir. 1995), a case in which we determined whether time previously served in state prison should be counted as part of the term of imprisonment for purposes of a federal statutory mandatory minimum. *See id.* at 1440–41. Anthony Drake had been convicted of armed robbery and had been sentenced to sixty-six months in an Oregon prison. *See id.* at 1439. While he was serving his state sentence, Drake pleaded guilty in federal court to possession of the handgun used in the Oregon robbery. Because he had previously been convicted of three violent felonies, he was subject to a mandatory minimum of 180 months under 18 U.S.C. § 924(e)(1). *See id.* Drake and

the government agreed to a 188-month federal term of imprisonment.

At the time of his federal sentencing, Drake had fifty-four months yet to serve in state prison. He had already served twelve months. All parties agreed that the federal sentence could run concurrently with the fifty-four months remaining in state custody. The contested issue was whether, in determining the time to be spent in federal custody, Drake could be given credit for the twelve months he had already served in state custody. If he received credit for the twelve months, Drake would serve only 176 months in federal prison, four months less than the federal statutory mandatory minimum. We framed the question as follows: "We thus must determine whether Drake's state sentence constitutes *'imprisonment' for the purposes of 18 U.S.C. § 924(e)(1)* such that the total sentence served will satisfy the mandatory minimum." *Id.* at 1440 (emphasis added). We concluded that Drake's twelve months already served in state custody counted as part of his federal term of imprisonment, and that he should therefore be sentenced to 176 months in federal custody. *See id.* at 1440–41.

We hold here, as we concluded in *Drake*, that time already served in state custody "constitutes 'imprisonment'" under the applicable federal law. In *Drake*, the applicable federal law was the 180-month mandatory minimum specified in § 924(e)(1). Here, the applicable federal law is the reduction in sentence authorized in § 3582(c)(2) and the minimum of the amended guideline range referred to in § 1B1.10(b)(2)(A). Because we conclude that the time Brito has already served in state custody is part of his "term of imprisonment" under §§ 3582(c)(2) and § 1B1.10(b)(2)(A), we hold that the district court, in making its resentencing

determination, has the authority to give credit for the four months Brito already served in state custody.

This understanding of "imprisonment" accords with our understanding of "imprisonment" in *Drake*. It is also consistent with the Commission's policy rationale for adopting the current version of § 1B1.10(b)(2), which we described in *Davis*. Allowing a district court to count time already served in state custody does not return the court and the parties to the complex calculations and lack of uniformity that led to the abandonment of the initial version of § 1B1.10(b)(2). *See Davis*, 739 F.3d at 1225. Further, counting time already served will not "result in a windfall for defendants who had already received a departure or variance . . . that took into account the disparity in treatment between powder and crack cocaine that the FSA sought to correct." *Id.* A departure or variance based on time already served in state custody is not based on the disparity between powder and crack cocaine. Far from giving a windfall, such a reduction in sentence provides fair treatment to those who have completed their time in state custody and for whom a concurrent sentence is therefore no longer available.

Finally, allowing a district court to count time already served in state custody as part of the "term of imprisonment" under § 1B1.10(b)(2)(A) does not result in a resentencing by that court. *See Dillon*, 560 U.S. at 825 ("§ 3582(c)(2) does not authorize a . . . resentencing proceeding."). The reduction in sentence authorized under § 3582(c)(2) and § 1B1.10 rests on the new guideline calculation under Amendment 782. That calculation is the basis—and the only basis—upon which a sentence may be reduced. Section 1B1.10(b)(2)(A) limits the amount by which a sentence may be reduced by specifying that the new "term of imprisonment" may be no

lower than the minimum of the new guideline range. Defining "term of imprisonment" to include time spent in state custody tells a district court how to understand the limitation imposed by § 1B1.10(b)(2)(A). It does not change the calculation that results in the new guideline range, and it does not transform a reduction in sentence into a resentencing.

### Conclusion

We conclude that the district judge had the authority on a motion for sentence reduction to take Brito's four months in state custody into account in reducing his sentence under 18 U.S.C. § 3582(c)(2). Because the district court reduced Brito's sentence to only 70 months, believing it had no authority to reduce it further, we vacate and remand for further proceedings consistent with this opinion.

**VACATED and REMANDED.**

McKEOWN, Circuit Judge, dissenting:

The key issue in this appeal is whether the phrase "term of imprisonment" in 18 U.S.C. § 3582(c)(2) and the federal Sentencing Guidelines includes time already served in state custody such that the court is not bound by the guideline minimum. The majority says yes, but I respectfully dissent. The statute relates to reduction of an original sentence based on retroactive changes to the Guidelines. However, the Guidelines affirmatively prohibit reducing the "term of imprisonment" below the lower end of the amended guideline

range.[1]   The majority offers no precedent on this "term of imprisonment" question but endeavors to skirt the guideline restriction by reference to *United States v. Drake*, 49 F.3d 1438 (9th Cir. 1995).  In my view, the majority stretches the decision in *Drake* from a context where it makes sense to one where it does not.

In *Drake*, which involved an original sentencing, we concluded that district courts may run concurrent federal and state sentences consecutively to meet a mandatory minimum. *Id.* at 1440–41.  Gilbert Brito's case is missing all of the crucial elements.  Most importantly, Brito's appeal stems from a sentence-reduction proceeding where much of the court's sentencing discretion has evaporated.  Second, we don't have concurrent sentences because Brito had already completed his state sentence at the time of his federal sentencing.   The original-sentencing judge and Brito's attorney acknowledged that "[Brito was] not asking for concurrent time because the [state] time ha[d] run."  These material differences render *Drake* inapposite to Brito's case.

The distinction between an original sentencing and a sentence reduction is not insignificant.  Conflating the two proceedings flouts Congress's expressed intention to cabin district courts' discretion in the latter.  The Supreme Court has emphasized that § 3582(c)(2) "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

---

[1] The Guidelines include an exception when a defendant provides substantial assistance to the government.  U.S.S.G. § 1B1.10(b)(2)(B). For ease of reading, I do not reiterate the exception each time I state the general rule.

Reflective of that dichotomy, stark differences are apparent on the face of the statute at issue in *Drake* and the provisions here. The sentencing statute in *Drake*, 18 U.S.C. § 924(e)(1), does not use the Guideline's "term of imprisonment" phrase at all. Instead, it provides that the defendant "shall be . . . imprisoned not less than fifteen years." That language centers on the length of time that the defendant is to be "imprisoned," which plausibly could include time served on a concurrent state sentence. So long as the defendant spends at least fifteen total years in prison, the statutory requirement has been satisfied because "[§ 924(e)(1)] does not specify any particular way in which that imprisonment should be achieved." *United States v. Cruz*, 595 F.3d 744, 746 (7th Cir. 2010) (citation omitted).

The verbiage in § 924(e)(1) stands in sharp contrast to the restrictive language of the Guideline, U.S.S.G. § 1B1.10(b)(2)(A), which states that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." That language dictates in forceful terms that a court may not drop a sentence below the guideline minimum. Whereas § 924(e)(1) looks to the length of time *the defendant* is to be imprisoned, § 1B1.10(b)(2)(A) restricts *the court*'s ability to impose a particular term of imprisonment. That difference in focus makes sense because an original sentencing involves a judgment about how long a defendant should serve, while a sentence reduction allows minor modifications based on Guidelines changes but without authorizing a comprehensive resentencing.

More to the point, § 1B1.10(b)(2)(A) links the phrase "term of imprisonment" to the implementing statute, but

§ 3582(c)(2) cannot bear *Drake*'s state-plus-federal-time interpretation. "Term of imprisonment" appears twice in § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a *term of imprisonment* based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the *term of imprisonment*, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(Emphases added.) In the first clause, "term of imprisonment" cannot include state time because district courts are not empowered to "sentence [a defendant] to" state time, although state time may be subtracted to achieve a fair federal sentence. The second clause similarly focuses on the district court's authority, which is limited to fashioning a federal, not state, sentence. And at multiple places, § 3582(c)(2) references aspects of distinctly federal sentencing procedure, *i.e.*, the federal Guidelines and the federal statutes. Read together, § 1B1.10(b)(2)(A) and § 3582(c)(2) leave no room for *Drake*: the bottom of the amended guideline range provides the absolute floor for the federal sentence.

> In light of this unyielding language, it's no wonder that our precedent consistently and forcefully states that "a court cannot reduce the sentence to a term 'that is less than the minimum of the amended [guideline] range.'"

*United States v. Finazzo*, 841 F.3d 816, 818 (9th Cir. 2016) (quoting § 1B1.10(b)(2)(A)).[2] The majority unjustifiably breaks from this line of authority and creates an anomaly for defendants who have served state time, upending the streamlined sentence-reduction proceeding that Congress sought to institute. Even on its own terms, the majority's solution to incorporate discharged state time into the phrase "term of imprisonment" is difficult to understand because the Guidelines treat discharged state time as a departure. *See* U.S.S.G. § 5K2.23. In view of these structural and linguistic statutory differences, *Drake* cannot simply be carried over from the original-sentencing context to the sentence-reduction context.

Another key difference compounds the majority's error: *Drake*, unlike this case, involved concurrent sentences. The court in *Drake* relied on that fact, framing the issue as one about "the relation between the concurrent sentencing statutes and the statutory mandatory minimums" and grounding its reasoning in "concurrent sentencing principles." 49 F.3d at 1440–41 (citation omitted). As the Supreme Court later validated, "[j]udges have long been understood to have discretion to select whether the sentences they impose will

---

[2] *See also United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014) ("[Section 1B1.10(b)(2)(A)] prohibits a court from reducing a defendant's sentence to a term that is less than the minimum of the amended guidelines range . . . ."); *United States v. Tercero*, 734 F.3d 979, 982 (9th Cir. 2013) ("[T]he district court concluded correctly that under the revised version of § 1B1.10, it could not adjust [the defendant]'s sentence below 70 months.").

run concurrently or consecutively." *Setser v. United States*, 566 U.S. 231, 236 (2012).

Unlike in *Drake*, we cannot draw on that background rule of broad discretion here because our case does not involve concurrent sentences, as the majority tacitly concedes. Our case law is crystal clear that "[i]f a defendant," like Brito, "has been released from state prison after having served the term imposed, no term of imprisonment remains with which the federal sentence can 'run concurrently.'" *United States v. Turnipseed*, 159 F.3d 383, 387 (9th Cir. 1998); *see also Sentence*, Black's Law Dictionary (10th ed. 2014) (defining "concurrent sentences" as "[t]wo or more sentences of jail time to be served simultaneously"). The relevant statutory provision and Guideline use "concurrently" in the same way: they refer to running a sentence "concurrently" with another that is "undischarged" or imposed "at the same time." *See* 18 U.S.C. § 3584(a); U.S.S.G. § 5G1.3(b)(2). And if all of that weren't enough, Brito's attorney and the original-sentencing judge explicitly disavowed that this case involves concurrent sentencing. This acknowledgement puts even more distance between our case and *Drake*.

We should follow § 1B1.10(b)(2)(A) and uphold the district court's conclusion that it could not sentence Brito below the bottom of the amended guideline range. Thus, the district court properly stated that it could give Brito no less than 70 months. Because Brito's remaining statutory and constitutional arguments were rejected in *United States v. Padilla-Diaz*, 862 F.3d 856 (9th Cir. 2017), I would affirm.