**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILLIAM JOHN MAHAN,

Defendant-Appellant.

No. 15-30365

D.C. No. 6:06-cr-60045-AA-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted November 7, 2016
Portland, Oregon

Before: McKEOWN, W. FLETCHER, and FISHER, Circuit Judges.

Defendant-Appellant Mahan appeals the district court's denial of his motion

for sentence reduction pursuant to 18 U.S.C. § 3582(c). We have jurisdiction

pursuant to 18 U.S.C. § 3742(a)(1), and vacate and remand.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

On November 25, 2008, the district court sentenced Mahan to a 120-month term of imprisonment for felon in possession of a firearm, 18 U.S.C. § 922(g), and possessing with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1) and (b)(1)(c). The district court also sentenced Mahan to a consecutive mandatory 60-month minimum for possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). His total sentence was 180 months. The first sentence of 120 months is at issue in this case.

At his original sentencing, the district court departed from the recommended guidelines range for Mahan's firearm and drug possession convictions. Mahan's original guidelines range, based on a total offense level of 28 and a Criminal History Category of VI, was 140 to 175 months. The Probation Office verified this calculation and recommended a sentence at the low-end of the guidelines range, 140 months. However, the district court determined that 140 months did not account for the time Mahan had already served in state prison for the same crime and his substantial progress toward rehabilitation. Prior to his federal indictment on April 19, 2006, Mahan had been arrested by state authorities for violating post-prison supervision conditions imposed for a prior state conviction. He remained in state custody for that probation violation until December 10, 2007 – approximately twenty months after the federal indictment. To account for this prior incarceration,

2

among other factors, the district judge granted Mahan a variance and reduced his sentence for firearm and drug possession to 120 months.

Pursuant to U.S. Sentencing Commission Amendment 782, promulgated in 2014, the amended base offense level for Mahan's drug charge is now 26, generating a new reduced guidelines range of 120 to 150 months. Mahan sought a reduction in sentence pursuant to this new guidelines range, and requested that the district court reduce his sentence to a term of 100-months to again credit him for the twenty months that he served in state custody.

The district court denied Mahan's motion. The court found that U.S.S.G. § 1B1.10(b)(2)(B) prevented the court from reducing Mahan's sentence as requested because "the court shall not reduce a defendant's term of imprisonment to a term that is less than the amended guideline range." A district court's ruling on a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) is reviewed for abuse of discretion. *United States v. Chaney*, 581 F.3d 1123, 1125 (9th Cir. 2013). "A district court may abuse its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Id.* Our review of within-guidelines sentences is particularly deferential. *See United States v. Williams*, 636 F.3d 1229, 1234 (9th Cir. 2011) ("This special deference reflects the fact that when a district court imposes a within-Guidelines sentence . . .'[t]hat

double determination significantly increases the likelihood that the sentence is a reasonable one.'") (alteration in the original).  Whether the district court can grant prison credit time is a question of law reviewed *de novo*. *See United States v. Peters*, 470 F.3d 907, 908–09 (9th Cir. 2006) (per curiam).

We hold in an opinion filed today that § 1B1.10(b)(2)(B) does not preclude the district court from crediting time served in state prison as part of a defendant's "term of imprisonment." *See United States v. Brito*, __ F.3d __ (9th Cir. 2017). We vacate and remand to allow the district court to exercise its discretion in light of our opinion in *Brito*.

**VACATED AND REMANDED.**



*United States v. Mahan*, No. 15-30365

McKEOWN, Circuit Judge, dissenting:

I would affirm the district court for the reasons stated in my dissent in

*United States v. Brito*, No. 15-30229, filed today.