**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50237 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00285-AB-1 |
| v. | |
| JAN BREWER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Submitted May 13, 2019[**]
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and KORMAN,[***] District
Judge.

Jan Brewer appeals from the district court's judgment sentencing him to two

years' incarceration "to run concurrently with defendant's state sentence." The

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, United States District Judge for the
Eastern District of New York, sitting by designation.

Bureau of Prisons did not credit Brewer any time toward his federal sentence because he had already completed the six-month state term of imprisonment. The district judge also imposed the following condition of supervised release: "As directed by the probation officer, the defendant shall notify specific persons and organizations of specific risks and shall permit the probation officer to confirm the defendant's compliance with such requirement and to make such notifications." Because Brewer did not object to the sentence, we review for plain error. *United States v. Joseph*, 716 F.3d 1273, 1276–77 (9th Cir. 2013). Nevertheless, we may review a pure question of law de novo if "the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." *United States v. Evans-Martinez*, 611 F.3d 635, 642 (9th Cir. 2010) (internal quotation marks omitted).

**1.** A term of imprisonment may not be imposed to run concurrently with a discharged term of imprisonment. *See* 18 U.S.C. § 3584(a); *Schleining v. Thomas*, 642 F.3d 1242, 1248 n.8 (9th Cir. 2011); *United States v. Turnipseed*, 159 F.3d 383, 387 (9th Cir. 1998). But a district judge can give a defendant "credit for time served" by imposing a lesser sentence, "thereby achieving the same result." *United States v. Brito*, 868 F.3d 875, 878 (9th Cir. 2017). Here, the record indicates that

the district judge may have attempted to "give [Brewer] a break" by running the federal sentence "concurrently" with Brewer's discharged state sentence. This he could not do. We therefore remand for resentencing to give the district judge an opportunity to clarify his intent.

**2.** The challenged condition of supervised release is unconstitutionally vague under *United States v. Evans*, 883 F.3d 1154, 1163–64 (9th Cir. 2018), because it fails to specify that the risks to be disclosed must be specific risks posed by the defendant to the persons and organizations to be notified. To correct this deficiency, the district court can modify the condition to conform to the Sentencing Guidelines' current standard notification condition, U.S.S.G. § 5D1.3(c)(12), or the standard notification condition adopted by Central District of California General Order No. 18-10 (condition 14). This modification not only clarifies the risks to be disclosed but inherently limits notification to specific persons and organizations to whom the defendant poses a risk.

**VACATED AND REMANDED.**