**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 3 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30180 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00073-SPW-1 |
| v. | |
| VICTOR MIGUEL RIVERA-MUNOZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted November 6, 2019
Portland, Oregon

Before: PAEZ and RAWLINSON, Circuit Judges, and WU,[**] District Judge.

Victor Rivera-Munoz appeals his sentence for conspiracy to distribute

methamphetamine. He argues the district court erred in three ways: (1) he asserts

the district court overestimated the quantity of drugs attributable to him; (2) he

contends the district court erred when it deemed him a "manager" or "supervisor"

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable George H. Wu, United States District Judge for the
Central District of California, sitting by designation.

for the purposes of a Sentencing Guidelines' enhancement; and (3) he argues that he should have received a downward departure for time he served on a sentence he completed on a prior related case. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. *Drug Quantity Approximation.* We disagree that the district court clearly erred in finding Rivera-Munoz responsible for at least three kilograms of methamphetamine. *See United States v. Culps*, 300 F.3d 1069, 1076 (9th Cir. 2002). Testimony by Rivera-Munoz's coconspirators at sentencing, given under oath and subject to cross-examination, contained enough indicia of reliability and met the preponderance standard. The coconspirators established that Rivera-Munoz drove to California four times to purchase one kilogram of methamphetamine on each trip so that he could distribute it in Montana. The district court erred on the side of caution by finding that Rivera-Munoz only purchased methamphetamine on three trips he took to California, rather than four, based on the number of times he asked his coconspirators to obtain a rental car for him. Thus, the district court's finding of the approximate drug weight attributable to Rivera-Munoz was not clearly erroneous.

2. *Manager / Supervisor Enhancement.* The district court did not abuse its discretion when it applied a three-level enhancement to Rivera-Munoz's offense level for being a "manager" or "supervisor" under U.S.S.G. § 3B1.1(b). *See*

*United States v. Garcia*, 497 F.3d 964, 970 (9th Cir. 2007). Testimony by Rivera-Munoz's coconspirators at sentencing established that he asked his coconspirators to rent cars for him so that he could make trips to California to purchase methamphetamine. Furthermore, Rivera-Munoz recruited an unindicted coconspirator to collect a debt while he was in jail. The district court thus did not clearly err in concluding that Rivera-Munoz exercised sufficient control over at least one other participant to warrant the enhancement under § 3B1.1(b).

3. *Downward Departure for Time Served on Discharged Sentence.* Lastly, we disagree that the district court erred by not reducing Rivera-Munoz's sentence to account for a term of imprisonment he served on a prior related case. Although a court must apply a downward departure for an undischarged sentence on a prior related case, *see* U.S.S.G. § 5G1.3(b), a court may decline to do so when that sentence has been completed, *see* U.S.S.G. § 5K2.23. Because Rivera-Munoz's sentence was completed by the time he was sentenced, the district court was not required to provide a downward departure under § 5G1.3(b). *See United States v. Turnipseed*, 159 F.3d 383, 386–87 (9th Cir. 1998).

**AFFIRMED.**