NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 4 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-644 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00228-SI-6 |
| v. | |
| GERARDO CHALKE LOPEZ, AKA La Loca, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted December 2, 2025[**]
Portland, Oregon

Before: McKEOWN and SUNG, Circuit Judges, and FITZWATER, District
Judge.[***]

Defendant-Appellant Gerardo Chalke Lopez appeals the district court's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

denial of his motion for sentence reduction under 18 U.S.C. § 3582(c)(2), based on a retroactive amendment to U.S.S.G. § 4A1.1 (limiting use of "status points" in criminal history score calculation). *See* U.S.S.G. supp. app. C, amends. 821 pt. A, 825 (2023). We have jurisdiction under 28 U.S.C. § 1291. "We review a district court's § 3582(c)(2) sentence reduction decision for abuse of discretion." *United States v. Rodriguez*, 921 F.3d 1149, 1156 (9th Cir. 2019). We affirm.

District courts follow a two-step inquiry to determine if a reduction under § 3582(c)(2) is appropriate. First, the district court determines "whether a prisoner is eligible for a sentence reduction under the [Sentencing] Commission's policy statement," i.e., U.S.S.G. § 1B1.10. *United States v. Brito*, 868 F.3d 875, 880 (9th Cir. 2017). Second, the district court "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized . . . at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). It is undisputed that Chalke Lopez is eligible for a sentence reduction at step one and that only step two is at issue here.

The district court did not abuse its discretion in determining that the § 3553(a) factors do not warrant a sentence reduction at step two.[1] The district

---

[1] The § 3553(a) factors include, among other things:
(1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a

court concluded that "the factors it considered at sentencing, including the magnitude of harm caused by Defendant's conduct, are still relevant" and that the original sentence imposed "continues to be appropriate today." The district court sufficiently considered all of the § 3553(a)-related arguments that Chalke Lopez raised, including (1) that he had "been rehabilitated in custody and poses a low risk of recidivism," and (2) that "reducing his sentence would promote uniformity in sentencing." *See Wright*, 46 F.4th at 949 (district court "should address any specific, nonfrivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence[] and explain why [it] accepts or rejects the party's position" (citation modified)).

On appeal, Chalke Lopez argues that the district court abused its discretion by failing to consider his properly calculated amended guideline range at step two, and that "calculation of the amended guideline range [is] a procedural prerequisite for a court's exercise of discretion at *Dillon's* second step." But he did not argue before the district court that it should consider his amended guideline range at step two, and he cites no authority indicating that the district court was required to do

---

sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable sentence guidelines; and (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants.
*United States v. Wright*, 46 F.4th 938, 945 n.4 (citing 18 U.S.C. § 3553(a)).

so without him raising a specific argument to that effect.[2]  "All that is required is for a district court to demonstrate that it . . . considered the arguments before it."  *Concepcion v. United States*, 597 U.S. 481, 502 (2022).  He also argues the district court abused its discretion "when it failed to consider the [Sentencing] Commission's empirical findings regarding status points and recidivism."  But he discussed the Commission's empirical findings in his motion before the district court only to explain why the Commission adopted Amendment 821.  He did not argue to the district court that the empirical findings are a reason to reduce his sentence.

   **AFFIRMED.**

---

[2] Our precedent requires the district court to consider a defendant's amended guideline range only at step one.  *See Brito*, 868 F.3d at 880 (at step one, district court must "determine the amended guideline range that would have been applicable to the defendant if the amendment . . . had been in effect at the time the defendant was sentenced" (quoting U.S.S.G. § 1B1.10(b)(1))).  A defendant is eligible for a sentence reduction at step one if the sentence he received is not "less than the minimum of the amended guideline range."  U.S.S.G. § 1B1.10(b)(2)(A).